# U.S. District Court
## California Northern District (San Francisco)
### CIVIL DOCKET FOR CASE #: 3:05-cv-03094-MHP

Juskiewicz v. Intel Corporation
Assigned to: Hon. Marilyn H. Patel
Demand: $0
Cause: 15:15 Antitrust Litigation

Date Filed: 07/29/2005
Jury Demand: Plaintiff
Nature of Suit: 410 Anti-Trust
Jurisdiction: Federal Question

**Plaintiff**

**Karol Juskiewicz**
*on behalf of himself & all others similarly situated*

represented by **Joseph M. Patane**
Law Offices of Joseph M. Patane
2280 Union Street
San Francisco, CA 94123
415/563-7200
Fax: 415/346-0679
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mario Nunzio Alioto**
Trump Alioto Trump & Prescott LLP
2280 Union Street
San Francisco, CA 94123
415/563-7200
Fax: 415/346-0679
Email: malioto@tatp.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Intel Corporation**
*a Delaware Corporation*

represented by **Christopher B. Hockett**
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
415-393-2000
Fax: 415-393-2286
Email: chris.hockett@bingham.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joy K. Fuyuno**
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
415-393-2000
Fax: 415-393-2286
Email: joy.fuyuno@bingham.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/29/2005 | 1 | CLASS ACTION COMPLAINT & Jury Trial Demanded - [Summons Issued] against Intel Corporation, [Filing Fee: $250.00, Receipt Number 3374935]. Filed by Plaintiff Karol Juskiewicz. (tn, COURT STAFF) (Filed on 7/29/2005) Additional attachment(s) added on 11/9/2005 (tn, COURT STAFF). (Entered: 08/01/2005) |
| 07/29/2005 | | SUMMONS Issued as to Intel Corporation. (tn, COURT STAFF) (Entered: 08/01/2005) |
| 07/29/2005 | 2 | ADR SCHEDULING ORDER: Case Management Statement due 11/21/2005 & Initial Case Management Conference set for 11/28/2005 04:00 PM. (Attachments: # 1 Standing Order).(tn, COURT STAFF) (Filed on 7/29/2005) (Entered: 08/01/2005) |
| 07/29/2005 | | CASE DESIGNATED for Electronic Filing. (tn, COURT STAFF) (Entered: 08/01/2005) |
| 08/04/2005 | 3 | NOTICE OF RECUSAL. Magistrate Judge Bernard Zimmerman recused.. Signed by Magistrate Judge Bernard Zimmerman on 8/4/2005. (bzsec, COURT STAFF) (Filed on 8/4/2005) (Entered: 08/04/2005) |
| 08/05/2005 | 4 | ORDER REASSIGNING CASE. Case reassigned to Judge Samuel Conti for all further proceedings. Judge Bernard Zimmerman no longer assigned to case.. Signed by Executive Committee on 8/5/05. (as, COURT STAFF) (Filed on 8/5/2005) (Entered: 08/05/2005) |
| 08/05/2005 | 5 | ORDER OF RECUSAL. Signed by Judge Samuel Conti on 8/5/05. (tdm, COURT STAFF) (Filed on 8/5/2005) (Entered: 08/05/2005) |
| 08/08/2005 | 6 | ORDER REASSIGNING CASE. Case reassigned to Judge Maxine M. Chesney for all further proceedings. Judge Samuel Conti no longer assigned to case. Signed by EXECUTIVE COMMITTEE on 8/8/05. (ha, COURT STAFF) (Filed on 8/8/2005) (Entered: 08/08/2005) |
| 08/08/2005 | 7 | ORDER OF RECUSAL signed by Judge Maxine M. Chesney on August 8, 2005. Judge Maxine M. Chesney recused. (mmcsec, COURT STAFF) (Filed on 8/8/2005) (Entered: 08/08/2005) |
| 08/11/2005 | 8 | ORDER REASSIGNING CASE. Case reassigned to Judge Jeffrey S. White for all further proceedings. Judge Maxine M. Chesney no longer assigned to case. Signed by EXECUTIVE COMMITTEE on 8/11/05. (ha, COURT STAFF) (Filed on 8/11/2005) (Entered: 08/11/2005) |
| 08/15/2005 | 9 | INITIAL SCHEDULING CONFERENCE ORDER: Case Management Conference set for 11/18/2005 01:30 PM. Case Management Statement due by 11/10/2005.. Signed by Judge Jeffrey S. White on 8/12/05. (jjo, COURT STAFF) (Filed on 8/15/2005) (Entered: 08/15/2005) |
| 08/17/2005 | 10 | STIPULATION *AND [PROPOSED] ORDER TO CONTINUE FILING DATE FOR DEFENDANT'S RESPONSE TO PLAINTIFF'S COMPLAINT* by Intel Corporation. (Hockett, Christopher) (Filed on 8/17/2005) (Entered: 08/17/2005) |
| 08/18/2005 | 11 | ORDER GRANTING 10 Stipulation to Continue Filing Date for Defendant's Response to Plaintiff's Complaint. Signed by Judge Jeffrey S. White on August 18, 2005. (jswlc3, COURTSTAFF) (Filed on 8/18/2005) (Entered: 08/18/2005) |
| 08/26/2005 | 12 | Statement of Facts *DEFENDANT INTEL CORPORATION'S FED. R. CIV. PROC. 7.1 AND CIVIL L.R. 3-16 DISCLOSURE STATEMENTS* filed byIntel Corporation. (Hockett, Christopher) (Filed on 8/26/2005) (Entered: 08/26/2005) |
| 10/04/2005 | 13 | ORDER RELATING CASE to C 05-2669 MHP; Case reassigned to Judge Marilyn H. Patel for all further proceedings; Signed by Judge Marilyn Hall Patel on 10/4/2005. (awb, COURT-STAFF) (Filed on 10/4/2005) (Entered: 10/04/2005) |
| 10/20/2005 | 14 | CLERK'S NOTICE re: Failure to E-File and/or Failure to Register as an E-Filer re: #1 |

| | | Class Action Complaint. (gba, COURT-STAFF) (Filed on 10/20/2005) (Entered: 10/20/2005) |
|---|---|---|
| 10/28/2005 | 15 | STIPULATION *AND [PROPOSED] ORDER TO STAY DATES, EVENTS AND DEADLINES PENDING THE OUTCOME OF THE MOTION TO TRANSFER AND COORDINATE OR CONSOLIDATE PURSUANT TO 28 U.S.C. SECTION 1407* by Intel Corporation. (Fuyuno, Joy) (Filed on 10/28/2005) (Entered: 10/28/2005) |
| 11/01/2005 | 16 | ORDER STAYING CASE pending MDL determination; Signed by Judge Marilyn Hall Patel on 10/31/2005. (awb, COURT-STAFF) (Filed on 11/1/2005) (Entered: 11/01/2005) |
| 11/17/2005 | 17 | Letter from Joy K. Fuyuno re MDL Transfer Order of November 8, 2005. (Attachments: # 1 MDL Transfer Order)(Fuyuno, Joy) (Filed on 11/17/2005) (Entered: 11/17/2005) |
| 01/05/2006 | 18 | ORDER STATISTICALLY DISMISSING CASE pending MDL determination; Signed by Judge Marilyn Hall Patel on 1/5/2006. (awb, COURT-STAFF) (Filed on 1/5/2006) (Entered: 01/05/2006) |
| 01/10/2006 | 19 | ORDER of Transfer by the Judicial Panel on Multidistrict Litigation to transfer case to USDC for the District of Delaware (In Re Intel Corporation, Inc., Antitrust Litigation - MDL - 1717). (gba, COURT STAFF) (Filed on 1/10/2006) (Entered: 01/11/2006) |
| 01/11/2006 | 20 | Certified copy of transfer order, docket sheet along with the original case file sent to USDC for the District of Delaware (MDL - 1717). (gba, COURT STAFF) (Filed on 1/11/2006) (Entered: 01/11/2006) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 01/18/2006 09:02:41 | | |
| PACER Login: | ud0037 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:05-cv-03094-MHP |
| Billable Pages: | 2 | Cost: | 0.16 |

1

Joseph M. Patane (SB# 72202)
2  LAW OFFICES OF JOSEPH M. PATANE
   2280 Union Street
3  San Francisco, CA 94123
   Telephone: (415) 563-7200
4  Facsimile: (415) 346-0679

5
   Mario N. Alioto (SB#56433)
6  TRUMP, ALIOTO, TRUMP and PRESCOTT
   2280 Union St
7  San Francisco, CA 94123
   Telephone: (415) 563-7200
8  Facsimile: (415) 346-0679
9  Attorneys for Plaintiff

10

11                 UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA 3 0 9 4

13  KAROL  JUSKIEWICZ, on behalf of himself  )   Case No.
14  and all others similarly situated,       )
                                             )
15               Plaintiff,                  )   **CLASS ACTION COMPLAINT**
                                             )
16  vs.                                      )
                                             )
17  INTEL CORPORATION, a Delaware            )   **JURY TRIAL DEMANDED**
    Corporation,                             )
18                                           )
                 Defendant.                  )
19                                           )
                                             )
20  _____ )

21                 **CLASS ACTION COMPLAINT**

22        Plaintiff Karol Juskiewicz, individually and on behalf of all others similarly situated,

23  brings this action for treble damages, injunctive relief, disgorgement, restitution, and costs of suit

24  against Intel Corporation, and alleges:

25                 **JURISDICTION AND VENUE**

26        1.       This action arises under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15

27  and 26, to obtain injunctive relief and to recover damages and the costs of suit, including

28  reasonable attorneys' fees, for the injuries sustained by plaintiff and the members of the class

                                  1

1   which it represents resulting from violations by Intel and its co-conspirators, as hereinafter

2   alleged, of § 2 of the Sherman Act, 15 U.S.C. § 2.

3       2.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1332 (as

4   amended) and 1337. The Court also has supplemental jurisdiction of the pendent state law claims

5   under 28 U.S.C. § 1367.

6       3.     The defendant named in this Complaint, Intel Corporation ("Intel"), transacts

7   business, maintains an office or is found within this District, and Intel is within the jurisdiction of

8   this Court for the purpose of service of process. The interstate commerce described hereinafter is

9   carried on, in part, within this district. At all relevant times, the Intel marketed and sold x86

10   microprocessors indirectly to purchasers in this district.

11       4.     Venue is laid in this District pursuant to 15 U.S.C. § 22 and 28 U.S.C. § 1391.

12   Intel's unlawful schemes designed to maintain their monopoly in the x86 microprocessor market,

13   as further alleged herein, were carried out, in part, in this District. Intel and its subsidiaries are

14   registered and qualified to do business in this District and a substantial part of the events giving

15   rise to Plaintiff's claims occurred, and a substantial portion of the affected portion of the

16   interstate trade and commerce described below has been carried out in this district.

17                         **DEFINITIONS**

18       5.     A general-purpose 'microprocessor" is an integrated circuit capable of executing

19   a menu of instructions and performing requested mathematical computations at very high speed.

20   Microprocessors are defined by their instruction set—a computer's machine language

21   instructions. Computer operating systems are software programs that perform those instructions

22   so the computer can perform meaningful tasks. Microprocessors evolved to provide 16-bit

23   capability (the original DOS processors); then, sometime later, 32-bit capability (allowing the

24   use of advanced graphical interfaces such as later versions of Windows), and now 64-bit

25   capability.

26       6.     The "Class Period" or "relevant period" means the four year period preceding the

27   filing of this Complaint.

28

7. "Person" means any individual, partnership, corporation, association, or other business or legal entity.

## PLAINTIFF

8. Plaintiff Karol Juskiewicz ("Juskiewicz") is a California resident. During the relevant period, Juskiewicz indirectly purchased an x86 microprocessor that was manufactured, distributed and/or sold by Intel during the class period, and has been injured by reason of the antitrust violations alleged in this Complaint.

## DEFENDANT

9. Defendant Intel Corporation is a Delaware Corporation with its principal executive offices in Santa Clara, California. Intel conducts business both directly and through wholly-owned and dominated subsidiaries world-wide. Intel and its subsidiaries design, produce and sell a wide variety of microprocessors, flash memory devices, and silicon-based products for use in the computer and communications industries.

## DEFENDANTS AND CO-CONSPIRATORS

10. Various other persons, firms and corporations, not named as defendants herein, have participated as co-conspirators with Intel and have performed acts and made statements in furtherance of the conspiracy and/or in furtherance of the anticompetitive, unfair or deceptive conduct.

11. Whenever in this Complaint reference is made to any act, deed or transaction of any corporation, the allegation means that the corporation engaged in the act, deed or transaction by or through its officers, directors, agents, employees or representatives while they were actively engaged in the management, direction, control or transaction of the corporation's business or affairs.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action on behalf of himself and as a class action under the provision of Rule 23 of the Federal Rules of Civil Procedure on behalf of all members of the following class:

1   All persons (excluding governmental entities, Intel, co-conspirators, their
2   subsidiaries and affiliates) that indirectly purchased a microprocessor in the
    United States from Intel or any subsidiary or affiliate thereof, or any co-
3   conspirator or any subsidiary or affiliate thereof, at any time during the last 4
    years.
4
5   13.     This action has been brought and may properly be maintained as a class action
6   pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons:
7           a.      The Class is ascertainable and there is a well-defined community of
8   interest among members of the Class;
9           b.      Based upon the nature of trade and commerce involved and the number of
10  indirect purchasers of x86 microprocessors, Plaintiff believes that the members of the Class
11  number in the thousands, and therefore are sufficiently numerous that joinder of all Class
12  members is not practicable;
13          c.      Plaintiff's claims are typical of the claims of the members of the Class
14  because Plaintiffs indirectly purchased an x86 microprocessor from Intel or its co-conspirators,
15  and therefore Plaintiff's claims arise from the same common course of conduct giving rise to the
16  claims of the members of the Class and the relief sought is common to the Class;
17          d.      The following common questions of law or fact, among others, exist as to
18  the members of the Class:
19                  i.      Whether Intel formed and operated a combination or conspiracy to
20  fix, raise, maintain, or stabilize the prices of, or allocate the market for, microprocessors;
21                  ii.     Whether the combination or conspiracy caused microprocessor
22  prices to be higher than they would have been in the absence of Intel's conduct;
23                  iii.    The operative time period of Intel's combination or conspiracy;
24                  iv.     Whether Intel's conduct caused injury to the business or property
25  of plaintiff and the members of the Class;
26
27                  v.      The appropriate measure of the amount of damages suffered by the
28  Class;

**4**
**CLASS ACTION COMPLAINT**

1          vi.     Whether Intel's conduct violates Sections 2 of the Sherman Act;

2          vii.    Whether Intel's conduct violates Section 3 of the Clayton Act;

3          viii.   Whether Intel's conduct violates Sections 16720 and 17200 of the

4 California Business and Professions Code;

5          ix.     Whether Intel's conduct violates the antitrust, unfair competition,

6 and consumer protection laws of the other states alleged below; and

7          x.      The appropriate nature of class-wide equitable relief.

8        e.     These and other questions of law and fact common to the members of the

9 Class predominate over any questions affecting only individual members, including legal and

10 factual issues relating to liability and damages;

11

12        f.     After determination of the predominate common issues identified above, if

13 necessary or appropriate, the Class can be divided into logical and manageable subclasses;

14        g.     Plaintiff will fairly and adequately protect the interests of the Class in that

15 Plaintiff has no interests that are antagonistic to other members of the Class and has retained

16 counsel competent and experienced in the prosecution of class actions and antitrust litigation to

17 represent him and the Class;

18        h.     A class action is superior to other available methods for the fair and

19 efficient adjudication of this litigation since individual joinder of all damaged Class members is

20 impractical. The damages suffered by the individual Class members are relatively small, given

21 the expense and burden of individual prosecution of the claims asserted in this litigation. Thus,

22 absent the availability of class action procedures it would not be feasible for Class members to

23 redress the wrongs done to them. Even if the Class members could afford individual litigation,

24 the court system could not. Further, individual litigation presents the potential for inconsistent or

25 contradictory judgments and would greatly magnify the delay and expense to all parties and the

26 court system. Therefore, the class action device presents far fewer case management difficulties

27

28

5
**CLASS ACTION COMPLAINT**

1 | and will provide the benefits of unitary adjudication, economy of scale and comprehensive
2 | supervision in a single court;

3 |  i.  Intel has acted, and/or refused to act, on grounds generally applicable to
4 | the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole;
5 | and

6 |  j.  In the absence of a class action, Intel would be unjustly enriched because
7 | it would be able to retain the benefits and fruits of its wrongful conduct.

8 |

## INTERSTATE TRADE AND COMMERCE

9 | 14.  Intel's activities, as described herein, were within the flow of, and substantially
10 | affected interstate commerce.

11 | 15.  During the period of time covered by this Complaint, Intel sold and distributed
12 | microprocessors throughout the United States.

13 | 16.  In connection with the manufacturing, distributing, selling and marketing of
14 | microprocessors, Intel has used instrumentalities of interstate commerce to sell, distribute and
15 | market microprocessors.

16 | 17.  Sales of microprocessors in the United States total billions of dollars annually.

17 |

## FACTUAL BACKGROUND

18 | 18.  When IBM defined the original PC standards in the early 1980s, it had available
19 | to it a variety of microprocessors. IBM opted for the Intel architecture, which utilized what
20 | became known as the x86 instruction set. However, IBM was unwilling to be consigned to a
21 | single source of supply, and demanded that Intel contract with Advanced Micro Devices, Inc.
22 | ("AMD") and license it to manufacture x86 chips as a second source. AMD agreed to abandon
23 | its own competing architecture and undertook to manufacture x86 chips as a second source of
24 | supply.

25 | 19.  However, Intel's true objective was to become the sole-source for the x86
26 | microprocessor. To fully realize its objective, Intel engaged in an elaborate and insidious scheme
27 | to mislead AMD (and the public) into erroneously believing that AMD would be a second

28 |

1   source, thereby keeping AMD from competing with Intel. Intel's conduct drained AMD's
2   resources, delayed AMD's ability to reverse-engineer or otherwise develop and manufacture
3   competitive products, and deterred AMD from pursuing relationships with other firms. This
4   injured competition by deterring and impeding serious competitive challenges to Intel. AMD
5   commenced arbitration proceedings against Intel because of these actions. In 1992, after five
6   years of litigation, an arbitrator awarded AMD more than $10 million plus pre-judgment interest
7   and a permanent, non-exclusive and royalty-free license to any Intel intellectual property
8   embodied in AMD's own x86 microprocessor, including the x86 instruction set. This award was
9   confirmed by the California Supreme Court in *Advanced Micro Devices, Inc. v. Intel Corp.*, 9
10   Cal. 4th 462 (1994).

11       20.    Thereafter, AMD reinvented itself and in 1999 delivered its first x86 chip without
12   Intel pin-compatibility, the Athalon microprocessor. AMD thereby beat Intel to market with a
13   new generation Windows microprocessor, which was superior technologically to the Intel
14   version.

15       21.    AMD went on to be the first to bring to market its Opteron microprocessor for
16   servers (the computers used by businesses to run corporate networks, e-commerce websites and
17   other high-end, computationally-intense applications). Opteron was the industry's first x86
18   backward compatible 64-bit chip. Six months later, AMD launched the Athalon64, a backward
19   compatible 64-bit microprocessor for desktops and mobile computers. In this way, AMD has
20   seized technological leadership in the microprocessor industry, and has been recognized as such
21   with 70 technology leadership and industry awards, culminating in April 2005, when it was
22   named "Processor Company of 2005", at an Intel-sponsored industry awards show.

23       22.    AMD's market share has not kept pace with its technical leadership. Intel's
24   misconduct, laid out below, is the reason.

25

## THE x86 MICROPROCESSOR INDUSTRY

26       23.    Intel has a dominant position in the personal computing industry because the x86
27   version of dominant Windows and Linux operating systems have produced a huge installed base
28   of Windows and Linux-compatible programs that can only run the x86 instruction set. Non-x86

1   microprocessors are not reasonably interchangeable with x86 microprocessors because none can

2   run the x86 Windows or Linux operating systems or the application software written for them.

3       24.     The relevant market in which to assess Intel's position is x86 microprocessors

4   because a putative monopolist in this market would be able to raise the prices of x86

5   microprocessors above a competitive level without losing so many customers to other

6   microprocessors manufacturers as to make this increase unprofitable. While existing end-users

7   can theoretically shift to other operating-system platforms, high switching costs associated with

8   replacing hardware and software make this impractical. The number of new, first-time users who

9   could choose a different operating-system platform is too small to prevent an x86 microprocessor

10  monopolist from imposing a meaningful price increase for a non-transitory period of time.

11  Computer manufacturers would also encounter high switching costs in moving from x86

12  processors to other architectures, and no major computer maker has ever done it. In short,

13  demand is not cross-elastic between x86 microprocessors and other microprocessors at the

14  competitive level.

15      25.     The relevant geographic market for x86 microprocessors in which to asses Intel's

16  position is the United States, a submarket of the worldwide geographic market. Intel and AMD

17  compete globally and nationally. Microprocessors can be easily and inexpensively shipped

18  globally and nationally, and frequently are. The potential for arbitrage prevents chipmakers from

19  pricing processors differently in different countries or different parts of the United States.

20      26.     Intel dominates the worldwide x86 Microprocessor Market. Over the past several

21  years it has consistently achieved more than a 90% market share as measured by revenue, while

22  AMD's revenue share has remained at approximately 9%, with other microprocessor

23  manufacturers relegated to less than 1%. Intel has captured at least 80% of the worldwide x86

24  microprocessor unit sales in seven of the last eight years. Since 1999, AMD's worldwide volume

25  has been approximately 15%.

26      27.     The majority of x86 microprocessors are sold to a handful of large (Tier One)

27  OEMs (original equipment manufacturers): Hewlett Packard ("HP"), which now owns Compaq

28  Computer; Dell, Inc.; IBM; Gateway/eMachines; and Fujitsu/Fujitsu Siemens. Toshiba, Acer,

1  NEC and Sony are also commonly viewed as Tier One OEMs in the notebook segment of the PC

2  market. The balance of x86 microprocessors are sold to smaller system builders and to

3  independent distributors. The latter, in turn, sell to small OEMs, regional computer assemblers,

4  value-added resellers and other, smaller distributors. Currently, distributors account for over half

5  of AMD's sales.

## INTEL'S UNLAWFUL PRACTICES

7      28.     Intel has unlawfully maintained its x86 microprocessor monopoly by engaging in

8  a relentless, worldwide campaign to coerce customers to refrain from dealing with AMD that has

9  resulted in consumers paying higher prices for x86 microprocessors and left them with fewer

10 buying choices for such microprocessors. Among other things:

11          a.  Intel has forced major direct customers (OEMs) into exclusive and near-

12              exclusive deals;

13          b.  Intel has conditioned rebates, allowances, and market development funding on

14              direct customer's agreement to severely limit or forego entirely purchases

15              from AMD;

16          c.  Intel has established a system of discriminatory, retroactive, first-dollar

17              rebates triggered by purchases at such high levels as to have the practical and

18              intended effect of denying customers the freedom to purchase any significant

19              volume of processors from AMD;

20          d.  Intel has threatened retaliation against direct customers introducing AMD

21              computer platforms, particularly in strategic market segments;

22          e.  Intel has established and enforced quotas among key retailers effectively

23              requiring them to stock almost exclusively, if not exclusively, Intel-powered

24              computers, thereby artificially limiting consumer choice;

25          f.  Intel has forced PC makers and technology partners to boycott AMD product

26              launches and promotions; and

27

28

g.  Intel has abused its market power by forcing on the industry technical standards and products which have as their central purpose the handicapping of AMD in the marketplace.

29.    Intel's economic coercion of customers extends to all levels—from large computer makers like Hewlett-Packard and IBM to small system-builders to wholesale distributors to retailers such as Circuit City. All must either accept conditions that exclude AMD or suffer discriminatory pricing and competitively-crippling treatment. In this way, Intel has avoided competition on the merits and deprived AMD of the opportunity to stake its prices and quality against Intel's for every potential microprocessor sale.

30.    In response to AMD's technology advances in recent years, Intel's conduct became increasingly egregious, increasing exploitation of its market power to pressure customers to refrain from migrating to AMD's superior, lower-cost microprocessors.

31.    The Japanese government recognized these competitive harms when on March 8, 2005, its Fair Trade Commission (the "JFTC") recommended that Intel be sanctioned for its exclusionary misconduct directed at AMD. Intel chose not to contest these charges. The European Commission has also recently stepped up its investigation of Intel's marketing practices. On July 12, 2005, it was confirmed that the Commission had conducted raids against Intel in Europe.

## EFFECTS OF INTEL'S MISCONDUCT

32.    Intel's conduct has caused computer manufacturers to continue to buy most of their requirements from Intel, continue to pay monopoly prices, continue to be exposed to Intel's economic coercion, and continue to submit to artificial limits Intel places on their purchases from AMD. With AMD's opportunity to compete thus constrained, the cycle continues, and Intel's monopoly profits continue to accrue.

33.    Consumers such as Plaintiff and the Class members ultimately foot this bill, in the form of inflated PC prices, and the loss of freedom to purchase computer products that best fit their needs. Consumers are worse off for lack of innovation that only a truly competitive market can drive.

## VIOLATIONS ALLEGED

### First Claim for Relief

### (Violation of Section 2 of the Sherman Act)

34.     Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

35.     The x86 Microprocessor Market is a relevant product market within the meaning of the antitrust laws.

36.     The relevant geographic market is worldwide and a relevant geographic submarket is the United States.

37.     Intel possesses monopoly power in the relevant market, maintaining a market share of over 90% by revenue and 80% by unit volume.

38.     Substantial barriers to entry and expansion exist in the relevant market.

39.     Intel has the power to control prices and exclude competition.

40.     Intel has engaged in conduct with anticompetitive effects:

      a.  To unlawfully maintain and enhance its monopoly in the relevant market and to keep prices high; and

      b.  To stifle competition and to eliminate consumer choice through unlawfully exclusionary behavior designed to keep ADM weak, undersized, and unable to achieve a minimum scale of operation to become a viable substitute for Intel with respect to significant customers, or to an essential portion of the market. It has done so with intent to maintain its monopoly in the relevant market.

41.     Intel has also combined and conspired with others, including others identified above, to monopolize the market for x86 microprocessors in the United States and elsewhere.

42.     There is no legitimate business justification for Intel's conduct.

43.     Plaintiff and the members of the class have been injured and will continue to be injured in their business and property by paying more for x86 microprocessors purchased indirectly from Intel and its co-conspirators than they would have and will pay in the absence of the combination and conspiracy, including paying more for personal computers and other

1 | products in which microprocessors are a component as a result of the higher prices paid for
2 | microprocessors by the manufacturers of those products.

3 |     44.    Plaintiff and the class are entitled to an injunction against Intel, preventing and
4 | restraining the violations alleged herein. Plaintiff and the members of the Class have no adequate
5 | remedy at law for Intel's ongoing or threatened conduct.

6 | **Second Claim for Relief**

7 | **(Violation of the California Cartwright Act)**

8 |     45.    Plaintiff incorporates and realleges, as though fully set forth herein, each and
9 | every allegation set forth in the preceding paragraphs of this Complaint.

10 |     46.    Intel's unlawful conduct was centered in, carried out, effectuated and perfected
11 | mainly within the State of California, and Intel's conduct within the State of California injured
12 | all members of the Class throughout the United States. Therefore, this claim for relief under
13 | California law is brought on behalf of all members of the Class, whether or not they are
14 | California residents.

15 |     47.    Intel and certain co-conspirators entered into and engaged in a continuing
16 | unlawful trust in restraint of the trade and commerce described above in violation of Section
17 | 16720, California Business and Professions Code. Intel and others have agreed, combined and
18 | conspired in violation of Section 16720 to monopolize the x86 microprocessor market through
19 | unlawful means.

20 |     48.    The aforesaid violations of Section 16720, California Business and Professions
21 | Code, consisted, without limitation, of a continuing unlawful trust and concert of action among
22 | the Intel and its co-conspirators.

23 |     49.    In formulating and carrying out the alleged agreement, understanding, and
24 | conspiracy, Intel and its co-conspirators did those things that they conspired to do, including but
25 | not limited to the acts, practices and course of conduct set forth above, and the following, among
26 | others:

27 |     a.  Entered arrangements for exclusive and near-exclusive dealing;

28 |     b.  Entered into arrangements for secret funding, rebates, and discounts;

12
CLASS ACTION COMPLAINT

c. Monitored and controlled the activities of AMD customers, sanctioning those who acted contrary to the interests of Intel and its co-conspirators; and

d. Employed other mechanisms also designed to divert sales and customers away from AMD or other competitors.

50. The combination and conspiracy alleged herein has had the following effects, among others:

a. Price competition in the sale of x86 microprocessors has been restrained, suppressed, and/or eliminated in the State of California and throughout the United States;

b. Prices for x86 microprocessors sold by Intel and its co-conspirators have been fixed, raised, maintained, and stabilized at artificially high, non-competitive levels in the State of California and throughout the United States; and

c. Those who purchased x86 microprocessors directly or indirectly from Intel and its co-conspirators have been deprived of the benefits of free and open competition.

51. As a direct and proximate result of the illegal combinations, trusts, agreements, understandings and concert of action, Plaintiff and the members of the Class have been injured, and will continue to be injured in their business and property by paying more for x86 microprocessors purchased indirectly from Intel and its co-conspirators than they would have, and will pay, in the absence of the combination and conspiracy, including paying more for personal computers and other products in which microprocessors are a component as a result of the higher prices paid for microprocessors by the manufacturers of those products.

52. As a result of Intel's and it's co-conspirator's violation of Section 16720 of the California Business and Professions Code, Plaintiff seeks treble damages and costs of suit, including reasonable attorneys' fees, pursuant to Section 16750(a) of the California Business and Professions Code.

//

## Third Claim for Relief

### (Violation of the California Unfair Competition Law)

53. Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

54. Intel's business acts and practices were centered in, carried out, effectuated and perfected mainly within the State of California, and Intel's conduct within California injured all members of the Class throughout the United States. Therefore, this claim for relief under California law is brought on behalf of all members of the Class, whether or not they are California residents.

55. Intel has committed and continues to commit, acts of unfair competition, as defined in Section 17200, *et seq.* of the California Business and Professions Code, by engaging in the acts and practices specified above.

56. This claim is instituted pursuant to Sections 17203 and 17204 of the California Business and Professions Code, to obtain restitution from Intel and its co-conspirators for acts, as alleged herein, that violated Section 17200 of the California Business and Professions Code, commonly known as the Unfair Competition Law.

57. Intel's conduct as alleged herein violated Section 17200. The acts, omissions, misrepresentations, practices, and non-disclosures of Intel and its co-conspirators, as alleged herein, constituted a common continuous course of conduct of unfair competition by means of unfair, unlawful, and/or fraudulent business acts or practices within the meaning of California Business and Professions Codes, Section 17200, *et seq.*, including but not limited to, the following:

        a. The violations of Section 2 of the Sherman Act, as set forth above;

        b. Violations of Section 3 of the Clayton Act (15 U.S.C. §14);

        c. The violations of Section 16720, *et seq.*, 17045, 17046, 17047, and 17048 of the California Business and Professions Code;

        d. Intel's acts, omissions, misrepresentations, practices and non-disclosures, as described above, whether or not in violation of Section 16720, *et seq.* of the

1      California Business and Professions Code, and whether or not concerted or

2      independent acts, are otherwise unfair, unconscionable, unlawful or

3      fraudulent;

4      e.   Intel's acts and practices are unfair to consumers of x86 microprocessors in

5      the State of California and throughout the United States, within the meaning of

6      Section 17200 of the California Business and Professions Code; and

7      f.   Intel's acts and practices are fraudulent or deceptive within the meaning of

8      Section 17200 of the California Business and Professions Code.

9      58.    Plaintiff and each of the Class members are entitled to full restitution and/or

10  disgorgement of all revenues, earnings, profits, compensation and benefits which may have been

11  obtained by Intel and its co-conspirators as a result of such business acts or practices.

12     59.    The illegal conduct alleged herein is continuing and there is no indication that

13  Intel will not continue such activity in the future.

14     60.    The unlawful and unfair business practices of Intel, as described above, have

15  caused and continue to cause Plaintiff and the members of the Class to pay supra-competitive and

16  artificially inflated prices for Intel's x86 microprocessors. Plaintiff and the members of the Class

17  suffered injury in fact and lost money or property as a result of such unfair competition.

18     61.    The conduct of Intel as alleged in this Complaint violates Section 17200 of the

19  California Business and Professions Code.

20     62.    As alleged in this Complaint, Intel has been unjustly enriched as a result of its

21  wrongful conduct and by Intel's unfair competition. Plaintiff and the members of the Class are

22  accordingly entitled to equitable relief including restitution and/or disgorgement of all revenues,

23  earnings, profits, compensation and benefits which may have been obtained by Intel as a result of

24  such business practices, pursuant to California Business and Professions Code, Sections 17203

25  and 17204.

26  //

27  //

28

1

## Fourth Claim for Relief

2

### (Violation of California's Tort Law Against Monopoly)

3       63.     Plaintiff incorporates and realleges, as though fully set forth herein, each and

4   every allegation set forth in the preceding paragraphs of this Complaint.

5       64.     By virtue of the conduct described above, Intel has engaged in tortious and

6   unlawful monopolization of the x86 microprocessor market.

7       65.     Such conduct gives rise to a cause of action for common law monopoly under

8   California law.

9       66.     As a direct and proximate result of Intel's acts of monopolization alleged herein,

10  Plaintiff and the members of the Class have suffered actual damages in an amount to be proven at

11  trial.

12      67.     Intel's acts of monopolization described herein were intended to monopolize and

13  suppress competition in the relevant market and to injure customers. Intel's acts included acts of

14  fraud, malice, and oppression and were undertaken with conscious disregard of the rights of

15  consumers, including Plaintiff and members of the Class. Accordingly, an award of punitive

16  damages is justified in order to make an example of Intel, to punish it, and to deter others from

17  engaging in the same or similar conduct. Plaintiff and members of the Class seek an award of

18  punitive damages in an amount according to proof at trial.

19

## Fifth Claim for Relief

20

### (Violation of State Antitrust and Unfair Competition Laws)

21      68.     Plaintiff incorporates and realleges, as though fully set forth herein, each and

22  every allegation set forth in the preceding paragraphs of this Complaint.

23      69.     By reason of the foregoing, Intel has entered into agreements in restraint of trade

24  in violation of Alabama Code §§8-10-1, et seq.

25      70.     By reason of the foregoing, Intel has entered into agreements in restraint of trade

26  in violation of Arizona Revised Stat. §§44-1401, et seq.

27

28

1       71.     By reason of the foregoing, Intel has entered into agreements in restraint of trade

2  in violation of California Business and Professions Code §§ 16720 *et seq.* and California

3  Business and Professions Code §§ 17200 *et seq.*

4       72.     By reason of the foregoing, Intel has entered into agreements in restraint of trade

5  in violation of District of Columbia Code Ann. §§28-4503 *et seq.*

6       73.     By reason of the foregoing, Intel has entered into agreements in restraint of trade

7  in violation of Iowa Code §§ 553.1 *et seq.*

8       74.     By reason of the foregoing, Intel has entered into agreements in restraint of trade

9  in violation of Kansas Stat. Ann. §§ 50-101 *et seq.*

10       75.     By reason of the foregoing, Intel has entered into agreements in restraint of trade

11  in violation of Maine Rev. Stat. Ann. 10, §§ 1101 *et seq.*

12       76.     By reason of the foregoing, Intel has entered into agreements in restraint of trade

13  in violation of Michigan Comp. Laws Ann. §§445.773 *et seq.*

14       77.     By reason of the foregoing, Intel has entered into agreements in restraint of trade

15  in violation of Minnesota Stat. §§ 325 D.52 *et seq.*

16       78.     By reason of the foregoing, Intel has entered into agreements in restraint of trade

17  in violation of Mississippi Code Ann. § 75-21-1 *et seq.*

18       79.     By reason of the foregoing, Intel has entered into agreements in restraint of trade

19  in violation of Nebraska Rev. Stat. §§ 59-801 *et seq.*

20       80.     By reason of the foregoing, Intel has entered into agreements in restraint of trade

21  in violation of Nevada Rev. Stat. Ann. §§ 598A *et seq.*

22       81.     By reason of the foregoing, Intel has entered into agreements in restraint of trade

23  in violation of New Mexico Stat. Ann. §§ 57-1-1 *et seq.*

24       82.     By reason of the foregoing, Intel has entered into agreements in restraint of trade

25  in violation of North Carolina Gen. Stat. §§ 75-1 *et seq.*

26       83.     By reason of the foregoing, Intel has entered into agreements in restraint of trade

27  in violation of North Dakota Cent. Code §§ 51-08.1 *et seq.*

28

1    84.    By reason of the foregoing, Intel has entered into agreements in restraint of trade
2  in violation of Ohio Rev. Code Ann. §§13301.1 *et seq.*

3    85.    By reason of the foregoing, Intel has entered into agreements in restraint of trade
4  in violation of Pennsylvania common law.

5    86.    By reason of the foregoing, Intel has entered into agreements in restraint of trade
6  in violation of South Dakota Codified Laws Ann. §§37-1 *et seq.*

7    87.    By reason of the foregoing, Intel has entered into agreements in restraint of trade
8  in violation of Tennessee Code Ann. §§ 47-25-101 *et seq.*

9    88.    By reason of the foregoing, Intel has entered into agreements in restraint of trade
10  in violation of Vermont Stat. Ann. 9 §§ 2453 *et seq.*

11    89.    By reason of the foregoing, Intel has entered into agreements in restraint of trade
12  in violation of West Virginia §§47-18-1 *et seq.*

13    90.    By reason of the foregoing, Intel has entered into agreements in restraint of trade
14  in violation of Wisconsin Stat. §§ 133.01 *et seq.*

15    91.    Class members in each of the states listed above paid supra-competitive,
16  artificially inflated prices for Intel's x86 microprocessors. As a direct and proximate result of
17  Intel's unlawful conduct, Plaintiff and such members of the Class have been injured in their
18  business and property in that they paid more for x86 microprocessors than they otherwise would
19  have paid in the absence of Intel's unlawful conduct.

20                                **Sixth Claim for Relief**

21        **(Violation of State Consumer Protection and Unfair Competition Laws)**

22    92.    Plaintiff incorporates and realleges, as though fully set forth herein, each and
23  every allegation set forth in the preceding paragraphs of this Complaint.

24    93.    Intel engaged in unfair competition or unfair, unconscionable, deceptive or
25  fraudulent acts or practices in violation of the state consumer protection and unfair competition
26  statutes listed below.

27    94.    Intel has engaged in unfair competition or unfair or deceptive acts or practices in
28  violation of Alaska Stat. §§45.50.471 *et seq.*

                                            18
                                **CLASS ACTION COMPLAINT**

1    95.    Intel has engaged in unfair competition or unfair or deceptive acts or practices in
2    violation of Arkansas Code §§4-88-101 *et seq.*

3    96.    Intel has engaged in unfair competition or unfair or deceptive acts or practices in
4    violation of California Bus. & Prof. Code § 17200 *et seq.*

5    97.    Intel has engaged in unfair competition or unfair or deceptive acts or practices in
6    violation of District of Columbia Code § 28-3901 *et seq.*

7    98.    Intel has engaged in unfair competition or unfair or deceptive acts or practices in
8    violation of Florida Stat. § 501.201 *et seq.*

9    99.    Intel has engaged in unfair competition or unfair or deceptive acts or practices in
10   violation of Hawaii Rev. Stat. §480 *et seq.*

11   100.   Intel has engaged in unfair competition or unfair or deceptive acts or practices in
12   violation of Idaho Code §48-601 *et seq.*

13   101.   Intel has engaged in unfair competition or unfair or deceptive acts or practices in
14   violation of Kansas Stat. §50-623 *et seq.*

15   102.   Intel has engaged in unfair competition or unfair or deceptive acts or practices in
16   violation of Louisiana Rev. Stat. §51:1401 *et seq.*

17   103.   Intel has engaged in unfair competition or unfair or deceptive acts or practices in
18   violation of 5 Maine Rev. Stat. §207 *et seq.*

19   104.   Intel has engaged in unfair competition or unfair or deceptive acts or practices in
20   violation of Montana Code §30-14-101 *et seq.*

21   105.   Intel has engaged in unfair competition or unfair or deceptive acts or practices in
22   violation of Nebraska Rev. Stat. §59-1601 *et seq.*

23   106.   Intel has engaged in unfair competition or unfair or deceptive acts or practices in
24   violation of New Mexico Stat. §57-12-1 *et seq.*

25   107.   Intel has engaged in unfair competition or unfair or deceptive acts or practices in
26   violation of New York Gen. Bus. Law §349 *et seq.*

27   108.   Intel has engaged in unfair competition or unfair or deceptive acts or practices in
28   violation of North Carolina Gen. Stat. §75-1.1 *et seq.*

1       109.   Intel has engaged in unfair competition or unfair or deceptive acts or practices in
2   violation of Oregon Rev. Stat. §646.605 *et seq.*

3       110.   Intel has engaged in unfair competition or unfair or deceptive acts or practices in
4   violation of Rhode Island Gen. Laws §6-13.1-1 *et seq.*

5       111.   Intel has engaged in unfair competition or unfair or deceptive acts or practices in
6   violation of South Carolina Code Laws §39-5-10 *et seq.*

7       112.   Intel has engaged in unfair competition or unfair or deceptive acts or practices in
8   violation of Utah Code §13-11-1 *et seq.*

9       113.   Intel has engaged in unfair competition or unfair or deceptive acts or practices in
10   violation of 9 Vermont §2451 *et seq.*

11       114.   Intel has engaged in unfair competition or unfair or deceptive acts or practices in
12   violation of West Virginia Code §46A-6-101 *et seq.*

13       115.   Intel has engaged in unfair competition or unfair or deceptive acts or practices in
14   violation of Wyoming Stat. §40-12-105.

15       116.   Class members in the states listed above paid supra-competitive, artificially
16   inflated prices for x85 microprocessors. As a direct and proximate result of Intel's unlawful
17   conduct, Plaintiff and such members of the Class have been injured in their business and property
18   in that they paid more for x86 microprocessors than they otherwise would have paid in the
19   absence of Intel's unlawful conduct.

20                            **Seventh Claim for Relief**

21                 **(Unjust Enrichment and Disgorgement of Profits)**

22       117.   Plaintiff incorporates and realleges, as though fully set forth herein, each and
23   every allegation set forth in the preceding paragraphs of this Complaint.

24       118.   Intel has been unjustly enriched through overpayments by Plaintiff and the Class
25   members and the resulting profits.

26       119.   Under common law principles of unjust enrichment, Intel should not be permitted
27   to retain the benefits conferred via overpayments by Plaintiff and the members of the Class.

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

```
                         )
                         )
KAROL JUSKIEWICZ         )
           Plaintiff(s)  )
                         )          C 05-03094 BZ
      -v-                )
                         )  ORDER SETTING INITIAL CASE MANAGEMENT
INTEL CORPORATION        )  CONFERENCE
           Defendant(s)  )
_____)
```

        IT IS HEREBY ORDERED that this action is assigned to the
Honorable Bernard Zimmerman.  When serving the complaint or
notice of removal, the plaintiff or removing defendant must
serve on all other parties a copy of this order, the handbook
entitled "Dispute Resolution Procedures in the Northern District
of California," the Notice of Assignment to United States Magistrate
Judge for Trial, and all other documents specified in Civil Local Rule 4-2.
Counsel must comply with the case schedule listed below unless the
Court otherwise orders.

        IT IS FURTHER ORDERED that this action is assigned to the
Alternative Dispute Resolution (ADR) Multi-Option Program governed
by ADR Local Rule 3.  Counsel and clients must familiarize themselves
with that rule and with the handbook entitled "Dispute Resolution
Procedures in the Northern District of California."

               CASE SCHEDULE   [ADR MULTI-OPTION PROGRAM]

| Date | Event | Governing Rule |
|------|-------|----------------|
| 07/29/2005 | Complaint filed | |
| 11/07/2005 | Last day to meet and confer re initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR LR 3-5 |
| 11/07/2005 | Last day to file Joint ADR Certification with Stipulation to ADR process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 11/21/2005 | Last day to complete initial disclosures or state objection in Rule 26(f) Report, file/serve Case Management Statement, and file/serve Rule 26(f) Report | FRCivP 26(a)(1) Civil L.R.16-9 |
| 11/28/2005 | Case Management Conference in Ctrm G, 15th Floor, SF at 4:00 PM | Civil L.R. 16-10 |

**STANDING ORDERS**                                    (Rev. 01/2002)

1.    Within 30 days of filing a complaint, plaintiff shall serve and file either a
written consent to Magistrate Judge Zimmerman's jurisdiction or a written request for
reassignment to a district  judge.  Within 30 days of being served with a complaint or
third party complaint, a defendant or third party defendant shall serve and file either a
written consent to Magistrate Judge Zimmerman's jurisdiction or a written request for
reassignment to a district judge.


2.    Civil law and motion is heard on the first and third Wednesdays of every
month at 10:00 a.m.  Criminal law and motion is heard on the second and fourth
Wednesdays of every month at 1:30 p.m.


3.    A copy of any brief or other document containing a legal citation **shall** be
submitted to chambers on a diskette formatted preferably in WordPerfect 5, 6, 8 or 9.  A
chambers copy of any document **may** be submitted on CD-ROM with hypertext links to
exhibits.


4.    Any proposed order in a case subject to electronic filing shall be sent by
e-mail to:  bzpo@cand.uscourts.gov.  This address is to be used only for proposed
orders unless otherwise directed by the court.


5.    Unless expressly requested by the Court, documents should **not be faxed**
to chambers but should be filed or lodged in accordance with the Local Rules of Court.
The Court should not be routinely copied on correspondence between counsel.


6.    Motions for **summary judgment** shall be accompanied by a statement of
the material facts not in dispute supported by citations to admissible evidence.  The

1   parties shall file a joint statement of undisputed facts where possible.  If the parties are

2   unable to reach complete agreement after meeting and conferring, they shall file a joint

3   statement of the undisputed facts about which they do agree.  Any party may then file a

4   separate statement of the additional facts that the party contends are undisputed.  A

5   party who without substantial justification contends that a fact is in dispute is subject to

6   sanctions.

7

8          7.     Parties are reminded that most procedural questions are answered in the

9   Local Rules or these Standing Orders.  Parties should not contact Chambers for

10  answers to procedural questions.  The Local Rules are available for public viewing at

11  the Court's internet site - http://www.cand.uscourts.gov.

12

13

14         **IT IS SO ORDERED**.

15

16  Dated:   January 17, 2002

17

18                                          _____
                                              BERNARD ZIMMERMAN
19                                          United States Magistrate Judge

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAROL JUSKIEWICZ                )
                                )
        Plaintiff(s),            )        No. C05-3094 BZ
                                )
    v.                          )        **NOTICE OF RECUSAL**
                                )
INTEL CORPORTION,               )
                                )
        Defendant(s).           )
                                )
                                )
                                )
                                )
_____ )

        I hereby recuse myself in the above action.

Dated:  August 4, 2005

                    _____
                            Bernard Zimmerman
                    United States Magistrate Judge

G:\BZALL\-BZCASES\MISC\JUSKIEWICZ RECUSAL.ORD.wpd

1

**UNITED STATES DISTRICT COURT**

**Northern District of California**

**450 Golden Gate Avenue**

**San Francisco, California 94102**

_____

www.cand.uscourts.gov

Richard W. Wieking

Clerk

General Court Number

415.522.2000

**August 5, 2005**

**CASE NUMBER:  CV 05-03094 BZ**

**CASE TITLE:  KAROL JUSKIEWICZ-v-INTEL CORPORATION**

REASSIGNMENT ORDER

GOOD CAUSE APPEARING THEREFOR,

IT IS ORDERED that this case is reassigned to the **San Francisco**  division.

**Honorable SAMUEL CONTI**  for all further proceedings.

Counsel are instructed that all future filings shall bear the initials **SC**  immediately after the case

number.

ALL MATTERS PRESENTLY SCHEDULED FOR HEARING ARE VACATED AND
SHOULD BE RENOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THE CASE
HAS BEEN REASSIGNED.

Date: 8/5/05

FOR THE EXECUTIVE COMMITTEE:

_____

Clerk

NEW CASE FILE CLERK:

Copies to: Courtroom Deputies

Log Book Noted

Special Projects

Entered in Computer 8/5/05AS

CASE SYSTEMS ADMINISTRATOR:

Copies to:  All Counsel

Transferor CSA

1

2

3

4                                      IN THE UNITED STATES DISTRICT COURT

5                                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7     KAROL JUSKIEWICZ                                    No. C-05-3094-SC

8              Plaintiff,                                 **ORDER OF RECUSAL**

9         v.

10    INTEL CORPORATION

11             Defendant.

12   ———————————————————————/

13         TO ALL PARTIES AND COUNSEL OF RECORD:

14         I, the undersigned judge of the court, finding myself disqualified in the above-entitled action,

15   hereby recuse myself from this case and request that the case be reassigned pursuant to the

16   provisions of General Order 44 paragraph E.2 of the Assignment Plan.

17         All pending dates of motions, pretrial conferences and trial are hereby vacated and will be

18   reset by the newly assigned judge.

19         **IT IS SO ORDERED.**

20

21

22   Dated: 8/5/05                                        _____

23                                                        SAMUEL CONTI
                                                          UNITED STATES DISTRICT JUDGE

24

25

26

27

28

*United States District Court*
For the Northern District of California

**UNITED STATES DISTRICT COURT**

**Northern District of California**

**450 Golden Gate Avenue**

**San Francisco, California 94102**

_____

www.cand.uscourts.gov

Richard W. Wieking                                                 General Court Number

Clerk                                                                               415.522.2000

## August 8, 2005

**CASE NUMBER: CV 05-03094 SC**

**CASE TITLE: KAROL JUSKIEWICZ-v-INTEL CORPORATION**

REASSIGNMENT ORDER

GOOD CAUSE APPEARING THEREFOR,

IT IS ORDERED that this case is reassigned to the **SAN FRANCISCO** division.

**Honorable MAXINE M. CHESNEY** for all further proceedings.

Counsel are instructed that all future filings shall bear the initials **MMC** immediately after the

case number.

ALL MATTERS PRESENTLY SCHEDULED FOR HEARING ARE VACATED AND
SHOULD BE RENOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THE CASE
HAS BEEN REASSIGNED.

Date: 8/8/05

FOR THE EXECUTIVE COMMITTEE:

_____
Clerk

NEW CASE FILE CLERK:

Copies to: Courtroom Deputies                        Special Projects

Log Book Noted                                               Entered in Computer 8/8/05HA

CASE SYSTEMS ADMINISTRATOR:

Copies to: All Counsel                                        Transferor CSA

1
2
3
4
5
6
7
8
9

United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KAROL JUSKIEWICZ,                          No. C 05-03094 MMC

         Plaintiff,                      **ORDER OF RECUSAL**

  v.

INTEL CORPORATION,

         Defendant.

_____/

       I, the undersigned Judge of the Court, finding myself disqualified in the above-entitled action, hereby recuse myself from this case and request that the case be reassigned pursuant to the provisions of the Assignment Plan.

       All pending dates of motions, pretrial conferences and trial are hereby vacated and are to be reset by the newly assigned Judge.

       **IT IS SO ORDERED.**

Dated: August 8, 2005

                       MAXINE M. CHESNEY
                       United States District Judge

**UNITED STATES DISTRICT COURT**

**Northern District of California**

**450 Golden Gate Avenue**

**San Francisco, California 94102**

_____

www.cand.uscourts.gov

Richard W. Wieking

Clerk

General Court Number

415.522.2000

## August 11, 2005

**CASE NUMBER: CV 05-03094 MMC**

**CASE TITLE: KAROL JUSKIEWICZ-v-INTEL CORPORATION**

### REASSIGNMENT ORDER

GOOD CAUSE APPEARING THEREFOR,

IT IS ORDERED that this case is reassigned to the **SAN FRANCISCO** division.

**Honorable JEFFREY S. WHITE** for all further proceedings.

Counsel are instructed that all future filings shall bear the initials **JSW** immediately after the

case number.

ALL MATTERS PRESENTLY SCHEDULED FOR HEARING ARE VACATED AND SHOULD BE RENOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THE CASE HAS BEEN REASSIGNED.

Date: 8/11/05

FOR THE EXECUTIVE COMMITTEE:

_____

Clerk

NEW CASE FILE CLERK:

Copies to: Courtroom Deputies

Log Book Noted

Special Projects

Entered in Computer 8/11/05HA

CASE SYSTEMS ADMINISTRATOR:

Copies to: All Counsel

Transferor CSA

United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KAROL JUSKIEWICZ,

          Plaintiff,

  v.

INTEL CORPORATION,

          Defendant.

_____/

No. C 05-03094 JSW

**ORDER SETTING CASE
MANAGEMENT CONFERENCE AND
REQUIRING JOINT CASE
MANAGEMENT CONFERENCE
STATEMENT**

TO ALL PARTIES AND COUNSEL OF RECORD:

     The above matter having been reassigned to the Honorable Jeffrey S. White, it is hereby ordered that, pursuant to Fed. R. Civ. P. 16(b) and Civil L. R. 16-10, a Case Management Conference shall be held in this case on November 18, 2005, at 1:30 p.m., in Courtroom 2, 17th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California.

     The parties shall appear through lead counsel to discuss all items referred to in this Order and with authority to enter stipulations, to make admissions, and to agree to further scheduling dates.

     The parties shall file a joint case management statement and proposed order no later than **five (5) court days** prior to the conference. If any party is proceeding without counsel, separate statements may be filed by each party. Any request to reschedule the date of the conference shall be made in writing, and by stipulation if possible, at least ten (10) calendar days before the date of the conference and must be based upon good cause. Lead counsel shall meet and confer as required by Fed. R. Civ. P. 26(f) prior to the Case Management Conference with respect to those subjects set forth below. The statements shall not exceed twelve (12) pages in length and shall address the following items in the following order:

1.   A brief description of the basis for this Court's subject-matter jurisdiction, whether any issue exists regarding personal jurisdiction or venue, and whether any parties remain to be served;

2.   A brief description of the case and defenses, the several key factual events underlying the action, and a brief description of any related proceeding, including any administrative proceedings;

3.   A brief description of the legal issues genuinely in dispute, including whether there are any dispositive or partially dispositive issues appropriate for decision by motion or by agreement;

4.   A brief description of the procedural history of the matter, including a list of all pending motions and their current status;

5.   A brief description of the scope of discovery to date, including whether there has been a full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26;

6.   A formal, agreed-upon plan of the discovery each party intends to pursue, including, but not limited to, based upon the nature of the case, the scope and duration of the discovery and whether the parties can limit discovery in any manner, such as using phased discovery to or limiting the scope of initial discovery matters, as well as a list of key witnesses who the parties deem essential to prove their claims or defenses, and the information each party deems essential to obtain from the other party to prove their claims or defenses;

7.   A brief description of the motions each party intends to pursue before trial, the extent to which new parties will be added or existing parties deleted, and the extent to which evidentiary, claim-construction or class certification hearings are anticipated;

8.   A brief description of the relief sought, including the method by which damages are computed;

9.   ADR efforts to date and a specific ADR plan for the case, whether the parties have complied with Civil L. R. 16-8(b) regarding ADR certification, and the prospects for

United States District Court

For the Northern District of California

2

1  settlement including whether either party wishes to have a settlement conference with

2  another judge or magistrate;

3  10.  Whether all parties will consent to assignment of the case to a magistrate judge to

4  conduct all further proceedings including trial;

5  11.  Proposed deadlines and court dates, including a discovery cut-off, hearing dispositive

6  motions, pretrial conference and trial date, the anticipated length of trial, the

7  approximate number of witnesses, experts and exhibits, whether the case will be tried

8  by jury or to the Court, whether it is feasible to bifurcate issues for trial or reduce the

9  length of the trial by stipulation, use of summaries or statements, or other expedited

10  means of presenting evidence;

11  12.  A current service list for all counsel, including telephone and facsimile numbers;

12  13.  To the extent not specifically addressed above, all other items set forth in Civil L. R.

13  16-10.

14  14.  In order to assist the Court in evaluating any need for disqualification or recusal, the

15  parties shall disclose to the Court the identities of any person, associations, firms,

16  partnerships, corporations or other entities known by the parties to have either (1)

17  financial interest in the subject matter at issue or in a party to the proceeding; or (2)

18  any other kind of interest that could be substantially affected by the outcome of the

19  proceeding.  If disclosure of non-party interested entities or persons has already been

20  made as required by Civil L. R. 3-16, the parties may simply reference the pleading

21  or document in which the disclosure was made.  In this regard, counsel are referred to

22  the Court's Recusal Order posted on the Court website at the Judges Information link

23  at www.cand.uscourts.gov.

24  **IT IS SO ORDERED.**

25

26  Dated: August 12, 2005

27  JEFFREY S. WHITE
   UNITED STATES DISTRICT JUDGE

28

**United States District Court**

For the Northern District of California

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court

For the Northern District of California

BINGHAM McCUTCHEN

Joy K. Fuyuno
Direct Phone:  (415) 393-2386
joy.fuyuno@bingham.com

November 17, 2005

**Via E-Filing**

The Honorable Marilyn H. Patel
United States District Court, Northern District of California
450 Golden Gate Avenue
Courtroom 15, 18th Floor
San Francisco, CA  94102

Bingham McCutchen LLP

Three Embarcadero Center

San Francisco, CA

94111-4067


415.393.2000

415.393.2286 fax


bingham.com


Boston

Hartford

London

Los Angeles

New York

Orange County

San Francisco

Silicon Valley

Tokyo

Walnut Creek

Washington

Re:   **(1) *Lipton v. Intel Corp.*, No.C-05-2669-MHP; (2) *Prohias v. Intel Corp.*, No. C-05-2699-MHP; (3) *Konieczka v. Intel Corp.*, No. C-05-2700-MHP; (4) *Niehaus v. Intel Corp.*, No. C-05-2720-MHP; (5) *Hamilton v. Intel Corp.*, No. C-05-2721-MHP; (6) *Brauch v. Intel Corp.*, No. C-05-2743-MHP; (7) *Baxley v. Intel Corp.*, No. C-05-2758-MHP; (8) *Frazier v. Intel Corp.*, No. C-05-2813-MHP; (9) *Dickerson v. Intel Corp.*, No. C-05-2818-MHP; (10) *The Harman Press v. Intel Corp.*, No. C-05-2823-MHP; (11) *Shanghai 1930 Restaurant v. Intel Corp.*, No. C-05-2830-MHP; (12) *Benjamin Allanoff v. Intel Corp.*, No. C-05-2834-MHP; (13) *Major League Softball, Inc. v. Intel Corp.*, No. C-05-2831-MHP; (14) *Lazio Family Products v. Intel Corp.*, No. C-05-2859-MHP; (15) *Law Offices Laurel Stanley & Wm. Cronin v. Intel Corp.*, No. C-05-2858-MHP; (16) *Walker v. Intel Corp.*,No. C-05-2882-MHP; (17) *Naigow v. Intel Corp.*, No. C-05-2898-MHP; (18) *Stoltz v. Intel Corp.*, No. C-05-2897-MHP; (19) *Hewson v. Intel Corp.*, No. C-05-2916-MHP; (20) *Lang v. Intel Corp.*, No. C-05-2957-MHP; (21) *Trotter-Vogel Realty, Inc. d/b/a Prudential California Realty v. Intel Corp.*, No. C-05-3028-MHP; (22) *Juskiewicz v. Intel Corp.*, No. C-05-3094-MHP; (23) *Uwakwe, d/b/a/ Tom Cyp Computers v. Intel Corp.*, No. C-05-3197-MHP; (24) *Juan v. Intel Corp.*, No. C-05-3271-MHP; (25) *Dressed to Kill Draperies, LLC, v. Intel Corp.*, No. C-05-3272-MHP; (26) *Kinder v. Intel Corp.*, No. C-05-3273-MHP; (27) *Rush v. Intel Corp.*, No. C-05-3277-MHP**

Dear Judge Patel:

Per the stipulations and orders entered in the above captioned cases,[1] I am writing to notify the Court of the MDL transfer order entered November 8, 2005, a copy of which is

---

[1] Orders were entered in most of the cases staying all dates and requiring notification to the Court of entry of the MDL decision.  Stipulations staying all dates pending the MDL decision were filed in all cases except one (*Dickerson*), in which the parties agreed to the terms of the stipulation but which was not yet signed when the MDL decision issued.

Hon. Marilyn H. Patel
November 17, 2005
Page 2

attached.  The Judicial Panel on Multidistrict Litigation has ordered that the following 10 actions originally filed in the Northern District of California against Intel Corporation be centralized under 28 U.S.C. § 1407 in the District of Delaware as MDL 1717 (*In re Intel Corp. Microprocessor Antitrust Litigation*):

(1) *Lipton v. Intel Corp.*, No.C-05-2669-MHP; (2) *Prohias v. Intel Corp.*, No. C-05-2699-MHP; (3) *Konieczka v. Intel Corp.*, No. C-05-2700-MHP; (4) *Niehaus v. Intel Corp.*, No. C-05-2720-MHP; (5) *Hamilton v. Intel Corp.*, No. C-05-2721-MHP; (6) *Brauch v. Intel Corp.*, No. C-05-2743-MHP; (7) *Baxley v. Intel Corp.*, No. C-05-2758-MHP; (8) *Frazier v. Intel Corp.*, No. C-05-2813-MHP; (9) *Dickerson v. Intel Corp.*, No. C-05-2818-MHP; and (10) *The Harman Press v. Intel Corp.*, No. C-05-2823-MHP.

Tagalong notices have been filed for the following other 17 Northern District of California actions against Intel, for which conditional transfer orders should be issued soon:

(1) *Shanghai 1930 Restaurant v. Intel Corp.*, No. C-05 2830-MHP; (2) *Benjamin Allanoff v. Intel Corp.*, No. C-05-2834-MHP; (3) *Major League Softball, Inc. v. Intel Corp.*, No.C-05-2831-MHP; (4) *Lazio Family Products v. Intel Corp.*, No. C-05-2859-MHP; (5) *Law Offices Laurel Stanley & Wm. Cronin v. Intel Corp.*, No. C-05-2858-MHP; (6) *Walker v. Intel Corp.*, No. C-05-2882-MHP; (7) *Naigow v. Intel Corp.*, No. C-05-2898-MHP; (8) *Stoltz v. Intel Corp.*, No. C-05-2897-MHP; (9) *Hewson v. Intel Corp.*, No. C-05-2916-MHP; (10) *Lang v. Intel Corp.*, No. C-05-2957-MHP; (11) *Trotter-Vogel Realty, Inc. d/b/a Prudential California Realty v. Intel Corp.*, No. C-05-3028-MHP; (12) *Juskiewicz v. Intel Corp.*, No. C-05-3094-MHP; (13) *Uwakwe, d/b/a/ Tom Cyp Computers v. Intel Corp.*, No. C-05-3197-MHP; (14) *Juan v. Intel Corp.*, No. C-05-3271-MHP; (15) *Dressed to Kill Draperies, LLC, v. Intel Corp.*, No. C-05-3272-MHP; (16) *Kinder v. Intel Corp.*, No. C-05-3273-MHP; (17) *Rush v. Intel Corp.*, No. C-05-3277-MHP.

It is our understanding that the plaintiffs in these tagalong actions will not contest the conditional transfer orders.

Respectfully submitted,

Joy K. Fuyuno
Counsel for Intel Corporation

Bingham McCutchen LLP
bingham.com

Attachment

1   Bingham McCutchen LLP
    DAVID M. BALABANIAN (SBN 37368)
2   CHRISTOPHER B. HOCKETT (SBN 121539)
    JOY K. FUYUNO (SBN 193890)
3   Three Embarcadero Center
    San Francisco, CA  94111-4067
4   Telephone:  (415) 393-2000
    Facsimile:  (415) 393-2286
5
    Attorneys for Defendant
6   Intel Corporation

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  KAROL JUSKIEWICZ, on behalf of himself and     No. C-05-3094-BZ JSW
    all others similarly situated,
13                                                  STIPULATION AND [PROPOSED]
                    Plaintiff,                      ORDER TO CONTINUE FILING DATE
14                                                  FOR DEFENDANT'S RESPONSE TO
            v.                                      PLAINTIFF'S COMPLAINT
15  INTEL CORPORATION, a Delaware
    corporation,
16
                    Defendant.
17

18          IT IS STIPULATED BY AND BETWEEN THE PARTIES, THROUGH THEIR

19  COUNSEL AS FOLLOWS:

20          Pursuant to Civil Local Rule 6-2, Plaintiff Karol Juskiewicz and Defendant Intel

21  Corporation hereby stipulate that Intel Corporation's response to Plaintiff's complaint shall be

22  due either 60 days after transfer of the above captioned case pursuant to any motion to coordinate

23  or consolidate pre-trial proceedings per 28 U.S.C. Section 1407 or, in the alternative, 45 days

24  after any such motion has been denied.  The parties request this extension of time to answer or

25  otherwise respond because the plaintiffs in *Brauch, et al. v. Intel Corp.*, No. C 05-2743 (BZ)

26

---

STIPULATION AND [PROPOSED] ORDER TO CONTINUE RESPONSE DATE

1   (N.D. Cal., filed July 5, 2005), a related matter, have filed a petition to coordinate or consolidate

2   pre-trial proceedings per 28 U.S.C. Section 1407, and the above-styled action has been identified

3   as a related action to that petition.  As a result the outcome of the pending petition will impact

4   significantly the schedule of this case.

5            This is the first stipulation between the parties.  Because this litigation has just

6   begun, granting such a stipulation will not have any negative impact on the schedule of this case.

7   IT IS HEREBY STIPULATED.
    DATED:  August 11, 2005

8

9                                    Bingham McCutchen LLP

10

11

                                     By: _____/s/ Joy K. Fuyuno_____
12                                            JOY K. FUYUNO
                                            Attorneys for Defendant
13                                            Intel Corporation

14  DATED:  August 16, 2005

15

16                                   Trump, Alioto, Trump and Prescott

17

18                                   By: _____/s/ Mario N. Alioto_____
                                            MARIO N. ALIOTO
19                                          Attorneys for Plaintiff
                                            Karol Juskiewicz
20

21

22

23

24

25

26

                                           2

STIPULATION AND [PROPOSED] ORDER TO CONTINUE RESPONSE DATE

SF/21630890.1

1

2           ~~[PROPOSED]~~ **ORDER TO CONTINUE DEFENDANT'S RESPONSE DATE**

3        IT IS HEREBY ORDERED that Defendant Intel Corporation's response to

4 Plaintiff's complaint shall be due either 60 days after transfer of the above captioned case

5 pursuant to any motion to coordinate or consolidate pre-trial proceedings per 28 U.S.C. Section

6 1407, or, in the alternative, 45 days after any such motion has been denied.

7 **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

8 Dated: August 18 , 2005

9

10                       ~~Honorable Bernard Zimmerman~~

                      ~~United States Magistrate Judge~~

11

12                       Honorable Jeffrey S. White

                      United States District Court Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATION AND [PROPOSED] ORDER TO CONTINUE RESPONSE DATE

SF/21630890.1

1   BINGHAM McCUTCHEN LLP
    DAVID M. BALABANIAN (SBN 37368)
2   CHRISTOPHER B. HOCKETT (SBN 121539)
    JOY K. FUYUNO (SBN 193890)
3   Three Embarcadero Center
    San Francisco, California  94111-4067
4   Telephone:  (415) 393-2000

5   Attorneys for Defendant
    Intel Corporation

6

7

8                UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11

12  KAROL JUSKIEWICZ, on behalf of himself and      No. 05-3094
    all others similarly situated,
13                                                   DEFENDANT INTEL
                Plaintiff,                           CORPORATION'S FED. R. CIV.
14                                                   PROC. 7.1 AND CIVIL L.R. 3-16
         v.                                          DISCLOSURE STATEMENTS
15  INTEL CORPORATION,

16              Defendant.

17

18

19

20

21

22

23

24

25

26

SF/21633125.1

---

DEFENDANT'S FED. RULE CIV. PROC. 7.1 AND CIVIL L.R. 3-16 DISCLOSURE STATEMENTS

1    Pursuant to Rule 7.1, Federal Rules of Civil Procedure, the undersigned certifies

2 that there is no parent company and no publicly held entity that owns 10% or more of Intel.

3    Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other

4 than the named parties, there is no such interest to report.

5 DATED:  August 26, 2005

6          BINGHAM McCUTCHEN LLP

7

8        By:    /s/ *Joy K. Fuyuno*

9            Joy K. Fuyuno

            Attorneys for Defendant

10          Intel Corporation

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S FED. RULE. CIV. PROC. 7.1 AND CIVIL L.R. 3-16 DISCLOSURE STATEMENT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

## RELATED CASE ORDER

A Motion for Administrative Relief to Consider Whether Cases Should be Related or a *Sua Sponte* Judicial Referral for Purpose of Determining Relationship (Civil L.R. 3-12) has been filed. The time for filing an opposition or statement of support has passed. As the judge assigned to the earliest filed case below that bears my initials, I find that the more recently filed case(s) that I have initialed below are related to the case assigned to me, and such case(s) shall be reassigned to me. Any cases listed below that are not related to the case assigned to me are referred to the judge assigned to the next-earliest filed case for a related case determination.

**C 05-02669 MHP      Lipton et al v. Intel Corporation**

**C 05-03094 JSW      Juskiewicz v. Intel Corporation**

I find that the above case is related to the case assigned to me. _____

## ORDER

Counsel are instructed that all future filings in any reassigned case are to bear the initials of the newly assigned judge immediately after the case number. Any case management conference in any reassigned case will be rescheduled by the Court. The parties shall adjust the dates for the conference, disclosures and report required by FRCivP 16 and 26 accordingly. Unless otherwise ordered, any dates for hearing noticed motions are vacated and must be re-noticed by the moving party before the newly assigned judge; any deadlines set by the ADR Local Rules remain in effect; and any deadlines established in a case management order continue to govern, except dates for appearance in court, which will be rescheduled by the newly assigned judge.

Dated:_____      _____

Judge Marilyn H. Patel

-1-

## CERTIFICATE OF SERVICE

I certify that on the date stated below, I lodged a copy of this order with each judicial officer and I mailed a copy to each counsel of record or *pro se* party in the cases listed above.

Richard W. Wieking, Clerk

DATED: __10/4/05__

By: _____
Deputy Clerk

Copies to: Courtroom Deputies
Case Systems Administrators
Counsel of Record
Entered into Assignment Program: _____ (date)

-3-



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KAROL JUSKIEWICZ

          Plaintiff,

   v.

INTEL CORPORATION
          Defendant.
_____/

NO. CV 05-03094 MHP

**CLERK'S NOTICE RE: FAILURE TO FILE ELECTRONICALLY AND/OR REGISTER AS AN E-FILER**

On **7/29/05**, counsel for **Plaintiff** filed a **Class Action Complaint** manually, on paper. This case has been designated for electronic filing, pursuant to Local Rule 5-4 and General Order 45.

The above mentioned paper document has been filed and docketed. However, General Order 45 provides at Section III that cases assigned to judges who participate in the e-filing program "shall be presumptively designated" as e-filing cases. Therefore, counsel for **Plaintiff** should submit the **Class Action Complaint**, in PDF format within 10 days, as an attachment in an **e-mail** message directed to the judges chamber's "PDF" email box listed at http://ecf.cand.uscourts.gov. (Click on the **Judges** button and follow the procedure listed there). Do **not** e-file a document which has been previously filed on paper, as is the case with the above mentioned filing. All subsequent papers should be e-filed.

Further, General Order 45 provides at Section IV (A) that "Each attorney of record is obligated to become an ECF User and be assigned a user ID and password for access to the system upon designation of the action

as being subject to ECF." Counsel in this case who have not yet registered as ECF Users must do so immediately. Forms and instructions for registering can be found on the Court's Web site at ecf.cand.uscourts.gov.

Dated: October 20, 2005

Gina Agustine-Rivas
Deputy Clerk

*Gina Agustine*

**United States District Court**
For the Northern District of California

2

1   BINGHAM McCUTCHEN LLP
    DAVID M. BALABANIAN (SBN 37368)
2   CHRISTOPHER B. HOCKETT (SBN 121539)
    JOY K. FUYUNO (SBN 193890)
3   Three Embarcadero Center
    San Francisco, CA  94111-4067
4   Telephone:  (415) 393-2000
    Facsimile:  (415) 393-2286
5
    Attorneys for Defendant
6   Intel Corporation

7

8                       UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

12   KAROL JUSKIEWICZ, on behalf of herself          No. C-05-3094-MHP
     and all others similarly situated,
13                                                    **STIPULATION AND [PROPOSED]**
                        Plaintiff,                    **ORDER TO STAY DATES, EVENTS**
14                                                    **AND DEADLINES PENDING THE**
           v.                                         **OUTCOME OF THE MOTION TO**
15                                                    **TRANSFER AND COORDINATE OR**
     INTEL CORPORATION, a Delaware                    **CONSOLIDATE PURSUANT TO**
16   corporation,                                     **28 U.S.C. § 1407**

17                      Defendant.

18

19          WHEREAS, on July 28, 2005, Plaintiff filed the instant action in the Northern

20   District of California ("Juskiewicz Action");

21          WHEREAS, on or about July 11, 2005, the plaintiffs in *Brauch, et al. v. Intel*

22   *Corp.*, No. C 05-2743 (BZ) (N. D. Cal., filed July 5, 2005), a related matter, moved before the

23   Judicial Panel on Multi-District Litigation ("MDL"), to transfer and coordinate or consolidate for

24   pre-trial proceedings pursuant to 28 U.S.C. § 407 ("MDL Motion"), and the Juskiewicz Action

25   has been identified as a related action subject to that motion;

26

1          WHEREAS, on or about October 4, 2005, Judge Patel issued a Related Case

2  Order relating this case to an earlier filed case assigned to her, and canceling or staying certain

3  but not all dates, events and deadlines in the action;

4          WHEREAS, to date, a decision has not been rendered on the MDL Motion;

5          WHEREAS, the outcome of the MDL Motion will impact significantly the

6  schedule of this case;

7          THEREFORE, IT IS HEREBY STIPULATED, pursuant to Civil Local Rule 6-2,

8  by and among counsel for Plaintiff Juskiewicz, and counsel for Defendant Intel Corporation, that

9  any events, dates or deadlines set by the Local Rules or Federal Rules of Civil Procedure,

10  including the Local Rules for Alternative Dispute Resolution ("ADR Local Rules") and Federal

11  Rules of Civil Procedure 16 and 26, and any deadlines established in any case management order

12  applicable to this case should be stayed pending the outcome of the aforementioned MDL

13  Motion; and

14          IT IS FURTHER STIPULATED by the aforementioned parties that if a case

15  management conference is rescheduled by the Court, the parties shall adjust the dates for any

16  conference, disclosures or reports required by the Local Rules or Federal Rules of Civil

17  Procedure, including the ADR Local Rules and Federal Rules of Civil Procedure 16 and 26

18  accordingly.

19          IT IS HEREBY STIPULATED.

20  Dated:  October 28, 2005             TRUMP, ALIOTO, TRUMP & PRESCOTT

21

22                        By:_____ */s/ Mario N. Alioto*_____

                                Mario N. Alioto

23                           Attorneys for Plaintiff

                           Karol Juskiewicz

24

25

26

STIPULATION AND [PROPOSED] ORDER TO STAY DATES, EVENTS AND DEADLINES

1   Dated:  October 28, 2005                    BINGHAM McCUTCHEN LLP

2
                                                By: _____ /s/ *Joy K. Fuyuno* _____
3                                                         Joy K. Fuyuno
                                                    Attorneys for Defendant
4                                                      Intel Corporation

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATION AND [PROPOSED] ORDER TO STAY DATES, EVENTS AND DEADLINES

1  **[PROPOSED] ORDER TO STAY DATES, EVENTS AND DEADLINES**
2  **PENDING THE OUTCOME OF THE MDL MOTION**

3        Any events, dates or deadlines set by the Local Rules or Federal Rules of Civil

4  Procedure, including the Local Rules for Alternative Dispute Resolution ("ADR Local Rules")

5  and Federal Rules of Civil Procedure 16 and 26, and any deadlines established in any case

6  management order applicable to this case are hereby stayed pending the outcome of the motion

7  to transfer and coordinate or consolidate pursuant to 28 U.S.C. § 1407 ("MDL Motion").

8        Upon the determination of the MDL Motion, if it is necessary for the Court to

9  reschedule a case management conference, the parties shall adjust the dates for any conference,

10  disclosures or reports required by the ADR Local Rules and Federal Rules of Civil Procedure 16

11  and 26 accordingly.

12        The parties shall notify the Clerk of Court within 10 days of the decision on the

13  MDL Motion.

14  **IT IS SO ORDERED.**

15  Dated:_____

16                                     _____
Honorable Marilyn H. Patel
United States District Court Judge

17

18

19

20

21

22

23

24

25

26

# FILED

NOV - 1 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  BINGHAM McCUTCHEN LLP
   DAVID M. BALABANIAN (SBN 37368)
2  CHRISTOPHER B. HOCKETT (SBN 121539)
   JOY K. FUYUNO (SBN 193890)
3  Three Embarcadero Center
   San Francisco, CA 94111-4067
4  Telephone: (415) 393-2000
   Facsimile: (415) 393-2286
5
   Attorneys for Defendant
6  Intel Corporation

7

8           UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO DIVISION

11

12  KAROL JUSKIEWICZ, on behalf of herself          No. C-05-3094-MHP
    and all others similarly situated,
13                                                  STIPULATION AND [PROPOSED]
                  Plaintiff,                        ORDER TO STAY DATES, EVENTS
14     v.                                           AND DEADLINES PENDING THE
                                                    OUTCOME OF THE MOTION TO
15  INTEL CORPORATION, a Delaware                   TRANSFER AND COORDINATE OR
    corporation,                                    CONSOLIDATE PURSUANT TO
16                                                  28 U.S.C. § 1407
                  Defendant.
17

18

19          WHEREAS, on July 28, 2005, Plaintiff filed the instant action in the Northern

20  District of California ("Juskiewicz Action");

21          WHEREAS, on or about July 11, 2005, the plaintiffs in *Brauch, et al. v. Intel*

22  *Corp.*, No. C 05-2743 (BZ) (N. D. Cal., filed July 5, 2005), a related matter, moved before the

23  Judicial Panel on Multi-District Litigation ("MDL"), to transfer and coordinate or consolidate for

24  pre-trial proceedings pursuant to 28 U.S.C. § 407 ("MDL Motion"), and the Juskiewicz Action

25  has been identified as a related action subject to that motion;

26

1    WHEREAS, on or about October 4, 2005, Judge Patel issued a Related Case

2   Order relating this case to an earlier filed case assigned to her, and canceling or staying certain

3   but not all dates, events and deadlines in the action;

4    WHEREAS, to date, a decision has not been rendered on the MDL Motion;

5    WHEREAS, the outcome of the MDL Motion will impact significantly the

6   schedule of this case;

7    THEREFORE, IT IS HEREBY STIPULATED, pursuant to Civil Local Rule 6-2,

8   by and among counsel for Plaintiff Juskiewicz, and counsel for Defendant Intel Corporation, that

9   any events, dates or deadlines set by the Local Rules or Federal Rules of Civil Procedure,

10   including the Local Rules for Alternative Dispute Resolution ("ADR Local Rules") and Federal

11   Rules of Civil Procedure 16 and 26, and any deadlines established in any case management order

12   applicable to this case should be stayed pending the outcome of the aforementioned MDL

13   Motion; and

14    IT IS FURTHER STIPULATED by the aforementioned parties that if a case

15   management conference is rescheduled by the Court, the parties shall adjust the dates for any

16   conference, disclosures or reports required by the Local Rules or Federal Rules of Civil

17   Procedure, including the ADR Local Rules and Federal Rules of Civil Procedure 16 and 26

18   accordingly.

19    IT IS HEREBY STIPULATED.

20   Dated: October 28, 2005                    TRUMP, ALIOTO, TRUMP & PRESCOTT

21

22                                              By:_____/s/ Mario N. Alioto_____
                                                        Mario N. Alioto
                                                     Attorneys for Plaintiff
23                                                   Karol Juskiewicz

24

25

26

1    Dated:  October 28, 2005

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

BINGHAM McCUTCHEN LLP


By:_____/s/ *Joy K. Fuyuno*_____
                    Joy K. Fuyuno
              Attorneys for Defendant
                 Intel Corporation

STIPULATION AND [PROPOSED] ORDER TO STAY DATES, EVENTS AND DEADLINES

1    [PROPOSED] ORDER TO STAY DATES, EVENTS AND DEADLINES
2         PENDING THE OUTCOME OF THE MDL MOTION

3         Any events, dates or deadlines set by the Local Rules or Federal Rules of Civil

4    Procedure, including the Local Rules for Alternative Dispute Resolution ("ADR Local Rules")

5    and Federal Rules of Civil Procedure 16 and 26, and any deadlines established in any case

6    management order applicable to this case are hereby stayed pending the outcome of the motion

7    to transfer and coordinate or consolidate pursuant to 28 U.S.C. § 1407 ("MDL Motion").

8         Upon the determination of the MDL Motion, if it is necessary for the Court to

9    reschedule a case management conference, the parties shall adjust the dates for any conference,

10   disclosures or reports required by the ADR Local Rules and Federal Rules of Civil Procedure 16

11   and 26 accordingly.

12        The parties shall notify the Clerk of Court within 10 days of the decision on the

13   MDL Motion.

14   IT IS SO ORDERED.

15   Dated:_____10/31/05_____              _____
16                                        Honorable Marilyn H. Patel
                                          United States District Court Judge

17

18

19

20

21

22

23

24

25

26

# BINGHAM McCUTCHEN

Joy K. Fuyuno
Direct Phone:  (415) 393-2386
joy.fuyuno@bingham.com

November 17, 2005

**Via E-Filing**

The Honorable Marilyn H. Patel
United States District Court, Northern District of California
450 Golden Gate Avenue
Courtroom 15, 18th Floor
San Francisco, CA  94102

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111-4067

415.393.2000
415.393.2286 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

Re:  **(1) *Lipton v. Intel Corp.*, No.C-05-2669-MHP; (2) *Prohias v. Intel Corp.*, No. C-05-2699-MHP; (3) *Konieczka v. Intel Corp.*, No. C-05-2700-MHP; (4) *Niehaus v. Intel Corp.*, No. C-05-2720-MHP; (5) *Hamilton v. Intel Corp.*, No. C-05-2721-MHP; (6) *Brauch v. Intel Corp.*, No. C-05-2743-MHP; (7) *Baxley v. Intel Corp.*, No. C-05-2758-MHP; (8) *Frazier v. Intel Corp.*, No. C-05-2813-MHP; (9) *Dickerson v. Intel Corp.*, No. C-05-2818-MHP; (10) *The Harman Press v. Intel Corp.*, No. C-05-2823-MHP; (11) *Shanghai 1930 Restaurant v. Intel Corp.*, No. C-05-2830-MHP; (12) *Benjamin Allanoff v. Intel Corp.*, No. C-05-2834-MHP; (13) *Major League Softball, Inc. v. Intel Corp.*, No. C-05-2831-MHP; (14) *Lazio Family Products v. Intel Corp.*, No. C-05-2859-MHP; (15) *Law Offices Laurel Stanley & Wm. Cronin v. Intel Corp.*, No. C-05-2858-MHP; (16) *Walker v. Intel Corp.*, No. C-05-2882-MHP; (17) *Naigow v. Intel Corp.*, No. C-05-2898-MHP; (18) *Stoltz v. Intel Corp.*, No. C-05-2897-MHP; (19) *Hewson v. Intel Corp.*, No. C-05-2916-MHP; (20) *Lang v. Intel Corp.*, No. C-05-2957-MHP; (21) *Trotter-Vogel Realty, Inc. d/b/a Prudential California Realty v. Intel Corp.*, No. C-05-3028-MHP; (22) *Juskiewicz v. Intel Corp.*, No. C-05-3094-MHP; (23) *Uwakwe, d/b/a/ Tom Cyp Computers v. Intel Corp.*, No. C-05-3197-MHP; (24) *Juan v. Intel Corp.*, No. C-05-3271-MHP; (25) *Dressed to Kill Draperies, LLC, v. Intel Corp.*, No. C-05-3272-MHP; (26) *Kinder v. Intel Corp.*, No. C-05-3273-MHP; (27) *Rush v. Intel Corp.*, No. C-05-3277-MHP**

Dear Judge Patel:

Per the stipulations and orders entered in the above captioned cases,[1] I am writing to notify the Court of the MDL transfer order entered November 8, 2005, a copy of which is

---

[1] Orders were entered in most of the cases staying all dates and requiring notification to the Court of entry of the MDL decision.  Stipulations staying all dates pending the MDL decision were filed in all cases except one (*Dickerson*), in which the parties agreed to the terms of the stipulation but which was not yet signed when the MDL decision issued.

Hon. Marilyn H. Patel
November 17, 2005
Page 2

attached. The Judicial Panel on Multidistrict Litigation has ordered that the following 10 actions originally filed in the Northern District of California against Intel Corporation be centralized under 28 U.S.C. § 1407 in the District of Delaware as MDL 1717 (*In re Intel Corp. Microprocessor Antitrust Litigation*):

(1) *Lipton v. Intel Corp.*, No.C-05-2669-MHP; (2) *Prohias v. Intel Corp.*, No. C-05-2699-MHP; (3) *Konieczka v. Intel Corp.*, No. C-05-2700-MHP; (4) *Niehaus v. Intel Corp.*, No. C-05-2720-MHP; (5) *Hamilton v. Intel Corp.*, No. C-05-2721-MHP; (6) *Brauch v. Intel Corp.*, No. C-05-2743-MHP; (7) *Baxley v. Intel Corp.*, No. C-05-2758-MHP; (8) *Frazier v. Intel Corp.*, No. C-05-2813-MHP; (9) *Dickerson v. Intel Corp.*, No. C-05-2818-MHP; and (10) *The Harman Press v. Intel Corp.*, No. C-05-2823-MHP.

Tagalong notices have been filed for the following other 17 Northern District of California actions against Intel, for which conditional transfer orders should be issued soon:

(1) *Shanghai 1930 Restaurant v. Intel Corp.*, No. C-05 2830-MHP; (2) *Benjamin Allanoff v. Intel Corp.*, No. C-05-2834-MHP; (3) *Major League Softball, Inc. v. Intel Corp.*, No.C-05-2831-MHP; (4) *Lazio Family Products v. Intel Corp.*, No. C-05-2859-MHP; (5) *Law Offices Laurel Stanley & Wm. Cronin v. Intel Corp.*, No. C-05-2858-MHP; (6) *Walker v. Intel Corp.*, No. C-05-2882-MHP; (7) *Naigow v. Intel Corp.*, No. C-05-2898-MHP; (8) *Stoltz v. Intel Corp.*, No. C-05-2897-MHP; (9) *Hewson v. Intel Corp.*, No. C-05-2916-MHP; (10) *Lang v. Intel Corp.*, No. C-05-2957-MHP; (11) *Trotter-Vogel Realty, Inc. d/b/a Prudential California Realty v. Intel Corp.*, No. C-05-3028-MHP; (12) *Juskiewicz v. Intel Corp.*, No. C-05-3094-MHP; (13) *Uwakwe, d/b/a/ Tom Cyp Computers v. Intel Corp.*, No. C-05-3197-MHP; (14) *Juan v. Intel Corp.*, No. C-05-3271-MHP; (15) *Dressed to Kill Draperies, LLC, v. Intel Corp.*, No. C-05-3272-MHP; (16) *Kinder v. Intel Corp.*, No. C-05-3273-MHP; (17) *Rush v. Intel Corp.*, No. C-05-3277-MHP.

It is our understanding that the plaintiffs in these tagalong actions will not contest the conditional transfer orders.

Respectfully submitted,

Joy K. Fuyuno
Counsel for Intel Corporation

Attachment

Bingham McCutchen LLP

bingham.com

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**
Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888

http://www.jpml.uscourts.gov

November 8, 2005

TO INVOLVED COUNSEL

Re:  MDL-1717 -- In re Intel Corp. Microprocessor Antitrust Litigation

(See Attached Schedule A of Order)

Dear Counsel:

I am enclosing a copy of a Panel transfer order filed today in the above-captioned matter.

The Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425 (2001), and specifically, Rules 1.1, 7.4 and 7.5, refer to "tag-along" actions. Please familiarize yourself with these Rules for your future reference. With regard to Rule 7.5, you need only provide this office with a copy of the complaint which you feel qualifies as a "tag-along" action and informally request that our "tag-along" procedures be utilized to transfer the action to the transferee district. If you have any questions regarding procedures used by the Panel, please telephone this office.

Very truly,

Michael J. Beck
Clerk of the Panel

By

Deputy Clerk

Enclosure

JPML Form 35

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 8 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1717*

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

### TRANSFER ORDER

This litigation currently consists of fourteen actions listed on the attached Schedule A and pending in two districts as follows: ten actions in the Northern District of California and four actions in the District of Delaware.[1] Pursuant to 28 U.S.C. § 1407, plaintiffs in one Northern District of California action originally moved for centralization of this docket in their California district, but they now favor selection of the District of Delaware as transferee forum. Plaintiff in one of the Delaware actions, Advanced Micro Devices, Inc. (AMD), has stated that it does not object to centralization in the District of Delaware, so long as the Panel orders that AMD's action be allowed to proceed on a separate track within the Section 1407 proceedings. All other responding parties, (i.e, plaintiffs in eight of the nine remaining California actions, the plaintiffs in the three remaining Delaware actions, common defendant Intel Corp., and plaintiffs in various District of Delaware and Northern and Southern District of California potential tag-along actions) support centralization without qualification. With but one exception, all of these additional respondents also support designation of the District of Delaware as transferee forum. The lone dissenter on this point is the plaintiff in a Southern District of California potential tag-along action, who favors centralization in his California district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Delaware will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions involve allegations that common defendant Intel Corp. monopolized and unlawfully maintained a monopoly in the market for the microprocessing chips that serve as the "brains" of most modern computers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect

---

[1] The Panel has been notified of additional related actions recently filed in the Northern and Southern Districts of California, the District of Delaware, the Southern District of Florida, and the Eastern and Western Districts of Tennessee. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

to class certification matters), and conserve the resources of the parties, their counsel and the judiciary. Transfer under Section 1407 will have the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: i) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and ii) ensures that pretrial proceedings will be conducted in a manner leading to a just and expeditious resolution of the actions to the benefit of not just some but all of the litigation's parties. We decline to grant AMD's request to issue specific instructions that could limit the discretion of the transferee court to structure this litigation as it sees fit. As Section 1407 proceedings evolve in the transferee district, AMD may wish to renew its argument that the nature of its claims and/or its status as a litigant would warrant separate tracking for its action within the centralized MDL-1717 proceedings. That argument is one to be addressed to the transferee court, however, and not to the Panel.

In concluding that the District of Delaware is an appropriate forum for this docket, we observe that i) the district is an accessible location that is geographically convenient for many of this docket's litigants and counsel; ii) the district is well equipped with the resources that this complex antitrust docket is likely to require; and iii) the district is the near unanimous choice of all responding parties.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Delaware are transferred to that district and, with the consent of that court, assigned to the Honorable Joseph J. Farnan, Jr., for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

## MDL-1717 -- In re Intel Corp. Microprocessor Antitrust Litigation

### Northern District of California

*David E. Lipton, et al. v. Intel Corp.*, C.A. No. 3:05-2669
*Maria I. Prohias v. Intel Corp.*, C.A. No. 3:05-2699
*Ronald Konieczka v. Intel Corp.*, C.A. No. 3:05-2700
*Patricia M. Niehaus v. Intel Corp.*, C.A. No. 3:05-2720
*Steve J. Hamilton v. Intel Corp.*, C.A. No. 3:05-2721
*Michael Brauch, et al. v. Intel Corp.*, C.A. No. 3:05-2743
*Susan Baxley v. Intel Corp.*, C.A. No. 3:05-2758
*Huston Frazier, et al. v. Intel Corp.*, C.A. No. 3:05-2813
*Dwight E. Dickerson v. Intel Corp.*, C.A. No. 3:05-2818
*The Harman Press v. Intel Corp.*, C.A. No. 3:05-2823

### District of Delaware

*Advanced Micro Devices, Inc., et al. v. Intel Corp., et al.*, C.A. No. 1:05-441
*Jim Kidwell, et al. v. Intel Corp.*, C.A. No. 1:05-470
*Robert J. Rainwater, et al. v. Intel Corp.*, C.A. No. 1:05-473
*Matthew Kravitz, et al. v. Intel Corp.*, C.A. No. 1:05-476

**FILED**

JAN - 5 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAROL JUSKIEWICZ,                                No. C 05-03094 MHP

        Plaintiff(s),                        **ORDER**

   v.

INTEL CORPORATION,

        Defendant(s).

_____/

    This matter having been stayed pending other proceedings, and there being no further reason at this time to maintain the file as an open one for statistical purposes, the Clerk is instructed to submit a JS-6 Form to the Administrative Office.

    Nothing contained in this minute entry shall be considered a dismissal or disposition of this action and, should further proceedings in this litigation become necessary or desirable, any party may initiate it in the same manner as if this entry had not been entered.

Dated: _____    _____

                             MARILYN HALL PATEL
                             United States District Judge

*United States District Court*
*For the Northern District of California*

FILED

06 JAN 10 PM 12:47

[illegible stamp text]

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

Peter T. Dalleo
**CLERK**

LOCKBOX 18
844 NORTH KING STREET
BOGGS FEDERAL BUILDING
WILMINGTON, DELAWARE 19801
(302) 573-6170

December 29, 2005

Mr. Richard W. Wieking
Clerk, U.S. District Court
United States District Court
Phillip Burton
 United States Courthouse
450 Golden Gate Avenue, Box 36060
San Francisco, CA 94102-3434

> RE: **In Re Intel Corporation, Inc., Antitrust Litigation - MDL - 1717**
> CA 05-2830 (ND/CA) - **05-894 JJF (D/DE)**
> CA 05-2831 (ND/CA) - **05-895 JJF (D/DE)**
> CA 05-2834 (ND/CA) - **05-896 JJF (D/DE)**
> CA 05-2858 (ND/CA) - **05-897 JJF (D/DE)**
> CA 05-2859 (ND/CA) - **05-898 JJF (D/DE)**
> CA 05-2882 (ND/CA) - **05-899 JJF (D/DE)**
> CA 05-2897 (ND/CA) - **05-900 JJF (D/DE)**
> CA 05-2898 (ND/CA) - **05-901 JJF (D/DE)**
> CA 05-2916 (ND/CA) - **05-902 JJF (D/DE)**
> CA 05-2957 (ND/CA) - **05-903 JJF (D/DE)**
> CA 05-3028 (ND/CA) - **05-904 JJF (D/DE)**
> CA 05-3094 (ND/CA) - **05-905 JJF (D/DE)**
> CA 05-3197 (ND/CA) - **05-906 JJF (D/DE)**
> CA 05-3271 (ND/CA) - **05-907 JJF (D/DE)**
> CA 05-3272 (ND/CA) - **05-908 JJF (D/DE)**
> CA 05-3273 (ND/CA) - **05-909 JJF (D/DE)**
> CA 05-3277 (ND/CA) - **05-910 JJF (D/DE)**

Dear Mr. Wieking:

In accordance with 28 U.S.C. § 1407, enclosed is a certified copy of the *Conditional Order of Transfer* issued by the Judicial Panel on Multidistrict Litigation which references the above-captioned case in your District. Kindly forward the complete original file, together with a certified copy of the docket sheet, to the District of Delaware at the following address:

Clerk, U.S. District Court
Federal Building, Lockbox 18
844 N. King St.
Wilmington, DE 19801

    If our case file is maintained in electronic format in CM/ECF, please contact Elizabeth Strickler or
Monica Mosley at 302-573-6170.

                    Sincerely,

                    Peter T. Dalleo, Clerk

                    By: __/s/_____

                            Monica Mosley
                            Deputy Clerk

Enc.
cc: Michael Beck, Clerk of Panel



A CERTIFIED TRUE COPY

DEC 2 2 2005

FILED
CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 6 2005

FILED
CLERK'S OFFICE

**DOCKET NO. 1717**

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION

#### (SEE ATTACHED SCHEDULE)

#### CONDITIONAL TRANSFER ORDER (CTO-1)

On November 8, 2005, the Panel transferred ten civil actions to the United States District Court for the District of Delaware for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. With the consent of that court, all such actions have been assigned to the Honorable Joseph J. Farnan, Jr.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the District of Delaware and assigned to Judge Farnan.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the District of Delaware for the reasons stated in the order of November 8, 2005, ___F.Supp.2d___ (J.P.M.L. 2005), and, with the consent of that court, assigned to the Honorable Joseph J. Farnan, Jr.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of Delaware. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

*Michael J. Beck*
Michael J. Beck
Clerk of the Panel

Inasmuch as no objection is
pending at this time, the
stay is lifted.

DEC 2 2 2005

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**SCHEDULE CTO-1 - TAG-ALONG ACTIONS**
**DOCKET NO. 1717**
**IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION**

**DIST. DIV. C.A. #**          **CASE CAPTION**

CALIFORNIA NORTHERN
CAN 3  05-2830     Shanghai 1930 Restaurant Partners, L.P. v. Intel Corp.
CAN 3  05-2831     Major League Softball, Inc. v. Intel Corp.
CAN 3  05-2834     Benjamin Allanoff v. Intel Corp.
CAN 3  05-2858     Law Offices of Laurel Stanley, et al. v. Intel Corp.
CAN 3  05-2859     Lazio Family Products v. Intel Corp.
CAN 3  05-2882     Ian Walker v. Intel Corp.
CAN 3  05-2897     Kevin Stoltz v. Intel Corp.
CAN 3  05-2898     Peter Jon Naigo v. Intel Corp.
CAN 3  05-2916     Patrick J. Hewson v. Intel Corp.
CAN 3  05-2957     Lawrence Lang v. Intel Corp.
CAN 3  05-3028     Trotter-Vogel Realty, Inc. v. Intel Corp.
CAN 3  05-3094     Karol Juskiewicz v. Intel Corp.
CAN 3  05-3197     Athan Uwakwe v. Intel Corp.
CAN 3  05-3271     Jose Juan v. Intel Corp.
CAN 3  05-3272     Dressed to Kill Custom Draperies LLC v. Intel Corp.
CAN 3  05-3273     Tracy Kinder v. Intel Corp.
CAN 3  05-3277     Edward Rush v. Intel Corp.

CALIFORNIA SOUTHERN
CAS 3  05-1507     Justin Suarez v. Intel Corp.

FLORIDA SOUTHERN
FLS 1  05-22262     Nathaniel Schwartz v. Intel Corp.

KANSAS
~~KS   6  05-1303          Marvin D. Chance, Jr. v. Intel Corp., et al.~~ Opposed 12/21/05

TENNESSEE EASTERN
TNE 2  05-212     Andrew Armbrister, et al. v. Intel Corp.

TENNESSEE WESTERN
TNW 2  05-2605     Cory Wiles v. Intel Corp.

# INVOLVED COUNSEL LIST (CTO-1)
## DOCKET NO. 1717
## IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION

Mario N. Alioto
Trump, Alioto, Trump & Prescott
2280 Union Street
San Francisco, CA 94123

Daniel B. Allanoff
Meredith, Cohen, Greenfogel &
Skirnick, P.C.
117 South 17th Street
22nd Floor
Philadelphia, PA 19103

C. Donald Amamgbo
Amamgbo & Associates, PLC
1940 Embarcadero Cove
Oakland, CA 94606

Scott Ames
Serratore & Ames
9595 Wilshire Blvd.
Suite 201
Los Angeles, CA 90212

Russsell M. Aoki
Aoki Sakamoto Grant, LLP
One Convention Place, Suite 1525
701 Pike Street
Seattle, WA 98101

David Mark Balabanian
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067

Gordon Ball
Ball & Scott
550 W. Main Avenue
Bank of America Center
Suite 750
Knoxville, TN 37902-2567

Steve W. Berman
Hagens Berman Sobol Shapiro, LLP
1301 Fifth Avenue
Suite 2900
Seattle, WA 98101

David Boies
Straus & Boies, LLP
4041 University Drive, 5th Floor
Fairfax, VA 22030

Craig C. Corbitt
Zelle, Hofmann, Voelbel, Mason &
Gette, LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104

Robert W. Coykendall
Morris, Laing, Evans, Brock &
Kennedy, Chtd.
Old Town Square
300 North Mead
Suite 200
Wichita, KS 67202-2722

Donald F. Drummond
Drummond & Associates
One California Street
Suite 300
San Francisco, CA 94111

Jef Feibelman
Burch, Porter & Johnson, PLLC
130 N. Court Ave.
Memphis, TN 38103

Nancy L. Fineman
Cotchett, Pitre, Simon & McCarthy
San Francisco Airport Office Center
Suite 200
840 Malcolm Road
Burlingame, CA 94010

Barbara C. Frankland
Gunderson, Sharp & Walke, L.L.P.
4121 West 83rd Street
Suite 256
Prairie Village, KS 66208

Joy K. Fuyuno
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067

Harvey W. Gurland, Jr.
Duane Morris
200 South Biscayne Blvd.
Suite 3400
Miami, FL 33131

Lance A. Harke
Harke & Clasby LLP
155 South Miami Avenue
Suite 600
Miami, FL 33130

Christopher B. Hockett
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067

Jeffrey F. Keller
Law Offices of Jeffrey F. Keller
425 Second Street
Suite 500
San Francisco, CA 94107

Michael L. Kirby
Post, Kirby, Noonan & Sweat
701 B Street
Suite 1100
San Diego, CA 92101-3302

Jerry W. Laughlin
Rogers, Laughlin, Nunnally, Hood &
Crum
100 South Main Street
Greenville, TN 37743

Michael P. Lehmann
Furth Firm, LLP
225 Bush Street
Suite 1500
San Francisco, CA 94104-4249

Ali Oromchian
Finkelstein, Thompson & Loughran
601 Montgomery Street
Suite 665
San Francisco, CA 94111

Joseph M. Patane
Law Offices of Joseph Patane
2280 Union Street
San Francisco, CA 94123

Donald L. Perelman
Fine, Kaplan & Black, RPC
1835 Market Street
28th Floor
Philadelphia, PA 19103

Juden Justice Reed
Schubert & Reed, LLP
Two Embarcadero Center, Suite 1050
San Francisco, CA 94111

Randy R. Renick
Law Offices of Randy Renick
128 North Fair Oaks Ave.
Suite 204
Pasadena, CA 91103

Richard A. Ripley
Bingham Mccutchen
1120 20th Street, N.W.
Suite 800
Washington, DC 20036

INVOLVED COUNSEL LIST (CTO-1) MDL-1717

R. Alexander Saveri
Saveri & Saveri, Inc.
111 Pine Street
Suite 1700
San Francisco, CA 94111-5630

Francis O. Scarpulla
Law Offices of Francis O. Scarpulla
44 Montgomery Street
Suite 3400
San Francisco, CA 94104

Reginald Von Terrell
Terrell Law Group
223 25th Street
Richmond, CA 94804

Douglas G. Thompson, Jr.
Finkelstein, Thompson & Loughran
1055 Thomas Jefferson Street, N.W.
Suite 601
Washington, DC 20007

B. J. Wade
Glassman, Edwards, Wade & Wyatt, P.C.
26 North Second Street
Memphis, TN 38103

Edward A. Wallace
Wexler Law Firm
One North LaSalle Street
Suite 2000
Chicago, IL 60602

INVOLVED JUDGES LIST (CTO-1)
DOCKET NO. 1717
IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION

Hon. J. Daniel Breen
U.S. District Judge
345 U.S. Courthouse
111 South Highland Avenue
Jackson, TN 38301

Hon. J. Ronnie Greer
U.S. District Judge
United States District Court
220 West Depot Street
Suite 405
Greeneville, TN 37743

Hon. J. Thomas Marten
U.S. District Judge
232 U.S. Courthouse
401 North Market St.
Wichita, KS 67202

Hon. Jose E. Martinez
U.S. District Judge
Federal Courthouse Square
Third Floor
301 North Miami Avenue
Miami, FL 33128

Hon. Marilyn Hall Patel
U.S. District Judge
Phillip Burton U.S. Courthouse
Box 36060
450 Golden Gate Avenue
San Francisco, CA 94102-3661

Hon. Thomas J. Whelan
U.S. District Judge
3155 Edward J. Schwartz U.S. Courthouse
940 Front Street, Suite 3155
San Diego, CA 92101

**INVOLVED CLERKS LIST (CTO-1)**
**DOCKET NO. 1717**
**IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION**

Clarence Maddox, Clerk
Federal Courthouse Square
301 North Miami Avenue
Miami, FL 33128-7788

Patricia L. McNutt, Clerk
U.S. Courthouse
101 Summer Street, West
Greeneville, TN 37743

~~Ralph L. DeLoach, Clerk~~
~~204 U.S. Courthouse~~
~~401 N. Market Street~~
~~Wichita, KS 67202~~

Richard W. Wieking, Clerk
400-S Ronald V. Dellums
Federal Building
1301 Clay Street
Oakland, CA 94612-5212

Richard W. Wieking, Clerk
Phillip Burton U.S. Courthouse
Box 36060
450 Golden Gate Avenue
San Francisco, CA 94102-3489

Thomas M. Gould, Clerk
242 Clifford Davis Federal Building
167 North Main Street
Memphis, TN 38103

W. Samuel Hamrick, Jr., Clerk
4290 Edward J. Schwartz Federal Building
880 Front Street
San Diego, CA 92101-8900

**UNITED STATES DISTRICT COURT**

**Northern District of California**

**450 Golden Gate Avenue**

**San Francisco, California 94102**

_____

www.cand.uscourts.gov

Richard W. Wieking

Clerk

General Court Number

415.522.2000

January 11, 2006

United States District Court
for the District of Delaware
Lockbox 18
844 North King Street
Boggs Federal Building
Wilmington, Delaware 19801

RE:     **In Re Intel Corporation, Inc., Antitrust Litigation - MDL - 1717**

| | |
|---|---|
| CV 05-2830 MHP | **05-894 JJF (D/DE)** |
| CV 05-2831 MHP | **05-895 JJF (D/DE)** |
| CV 05-2834 MHP | **05-896 JJF (D/DE)** |
| CV 05-2858 MHP | **05-897 JJF (D/DE)** |
| CV 05-2859 MHP | **05-898 JJF (D/DE)** |
| CV 05-2882 MHP | **05-899 JJF (D/DE)** |
| CV 05-2897 MHP | **05-900 JJF (D/DE)** |
| CV 05-2898 MHP | **05-901 JJF (D/DE)** |
| CV 05-2916 MHP | **05-902 JJF (D/DE)** |
| CV 05-2957 MHP | **05-903 JJF (D/DE)** |
| CV 05-3028 MHP | **05-904 JJF (D/DE)** |
| CV 05-3094 MHP | **05-905 JJF (D/DE)** |
| CV 05-3197 MHP | **05-906 JJF (D/DE)** |
| CV 05-3271 MHP | **05-907 JJF (D/DE)** |
| CV 05-3272 MHP | **05-908 JJF (D/DE)** |
| CV 05-3273 MHP | **05-909 JJF (D/DE)** |
| CV 05-3277 MHP | **05-910 JJF (D/DE)** |

Dear Clerk,

Pursuant to an order transferring the above captioned cases to your court, transmitted herewith are:

(✔)   Certified copy of docket entries

(✔)   Certified copy of TRANSFERRAL ORDER

(✔)   Original case file documents

(✔)   Please be advised that the above entitled action was previously designated to the

Electronic Case Filing program. You can access electronically filed documents through PACER referencing the

Northern District of California case number at https://ecf.cand.uscourts.gov

Please acknowledge receipt of the above documents on the attached copy of this letter.

Sincerely,
RICHARD W. WIEKING, Clerk

by:  Gina Agustine-Rivas
Case Systems Administrator


Enclosures
Copies to counsel of record